MUDGE OIL CO. et al. v. WAGNON et al.

No. 31121. Oct. 26, 1943.

Rehearing Denied Feb. 1, 1944.

*145 P. 2d 185.*

James Dudley, of Oklahoma City, for petitioners.

Williams & Teague, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J. Petitioners attack the award of compensation in this case first upon the theory that the method of arriving at the amount thereof was not as provided by statute.

The Industrial Commission made an award for permanent partial disability to a "specific" member and also awarded claimant an additional amount under the "other cases" provision of 85 O. S. 1941 § 22.

Petitioners in their brief say:

"This situation involves multiple injuries, consisting of a specific scheduled injury, and in addition, an injury to the body generally, or an 'other cases' injury, all of which fall under subsection 3, section 13356, Okla. Statutes 1931, etc.

"The Industrial Commission solved the question of permanent partial disability by the simple formula below:

"Schedule for loss of hand, 200 weeks, 15% Disability—30 weeks

" 'Other cases' provision, 500 weeks, 5% Disability—25 weeks. Total—55 weeks."

"Our contention is: the 'other cases' clause, as it now stands, is all inclusive of a situation such as we have here, and it is not necessary to resort to any other section of the statute, and the award should have been based on a percentage of disability to the body as a whole, based on 500 weeks, or permanent total disability."

Petitioners concede that the facts in this case are sufficient to bring same within the rule of Eubanks v. Barnsdall Oil Co., 169 Okla. 31, 35 P. 2d 873. We observe that the above contention is the same as that made in the Eubanks Case, supra.

Petitioners say, however, that because

of the 1941 amendment to the "other cases" provision of 85 O. S. 1941 § 22, the rule announced in that case no longer obtains.

That portion of the statute commonly known as the "other cases" provision which was effective in the Eubanks Case then provided as follows:

"Other cases: In this class of disabilities the compensation shall be sixty-six and two-thirds per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise payable during the continuance of such partial disability, not to exceed three hundred weeks, but subject to reconsideration of the degree of such impairment by the commission on its own motion or upon the application of any party in interest."

As amended the same now provides:

"Other cases: In all other classes of disabilities, excluding only those heretofore referred to in subdivision three, which disabilities result in loss of use of any portion of an employee's body, and which disabilities are permanent in quality, but partial in character, the compensation ordered paid shall be sixty-six and two thirds per centum of the average weekly wage during that portion of the number of weeks which the partial disability of the employee bears to the total permanent disability."

The purpose of the Workmen's Compensation Act is to compensate for loss of earning power from inability to work. United States Casualty Co. v. Steiger, 179 Okla. 407, 66 P. 2d 55, and cases therein cited. Consequently all inquiries are directed toward ascertaining the extent of such loss. Exact and uniform results in such inquiry are difficult though important. The Legislature in pursuance of that objective has arbitrarily fixed certain factors in the calculation of an award in certain types of injuries, doubtless basing its action upon an average as disclosed from experience.

The lawmakers have arbitrarily prescribed that in case of the loss of a hand the arbitrary factor to be employed in calculating the award shall be 200 weeks. The fact that the statute so provides merely closes the door to further inquiry of loss of earning power. In a given case it might or might not coincide with facts if the fact question were left open to a fact-finding body. Similar arbitrary provisions are found in the statute as relates to other specific members of the body.

The Legislature recognized, however, that there were other types of injuries producing loss of earning power, which are impracticable to specify in the matter of fixing such arbitrary factor. It therefore has left open to inquiry the facts as to how much loss of earning power results from same. Provision therefor is made under the "other cases" subdivision of the statute above quoted.

The inquiry or object in any case is, nonetheless, how much earning power has the person lost as a result of the injury? The only difference as regards our present discussion between the classifications known as "specific injuries" and "other cases" injuries is that, as to specific injuries the Legislature has determined the factor referred to and in the "other cases" injuries that factor may be determined from the facts in each case by the Industrial Commission.

An examination of the "other cases" provision of the statute both before and subsequent to amendment discloses that same was obviously designed to govern the fact-finding body in arriving at the facts as to loss of earning power occasioned by the injury. Before the amendment it was necessary that the commission ascertain the loss of wage-earning capacity of claimant, and it was held that such loss was not necessarily represented by the person's loss of physical ability. Keck v. Wilson, 184 Okla. 138, 85 P. 2d 757, and cases therein cited.

The amendment of same as above shown would seem to accomplish nothing more than to arbitrarily provide that claimant's loss of earning power is

468

represented by his physical disability.

Having so concluded, it seems clear that the amendment works no change in the rule of the Eubanks Case, supra, to the effect that an award must be made for so-called "specific" injuries, and also for "other cases" injuries when such conditions are present.

The contention of the petitioners relative to the lack of medical testimony to support the award and that the award is contrary to and in direct conflict with the preponderance of the evidence cannot be sustained. The medical witnesses who appeared for the respondent testified to facts which they had ascertained as a result of their examinations of the respondent. This presented an entirely different situation from that which was involved in the case of Acme Flour Mills v. Bray, 185 Okla. 516, 94 P. 2d 828, which is cited by petitioners.

The medical witnesses for respondent did not base their testimony entirely or to any appreciable degree upon medical history which had been given them. As to the alleged conflict in the medical testimony, it suffices to say that this court will not weigh conflicting evidence to determine where the preponderance lies, but will accept the findings of the commission thereon upon matters of fact within its jurisdiction. See Magnolia Petroleum Co. v. Watkins, 177 Okla. 30, 57 P. 2d 622.

Award affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. RILEY, J., dissents. ARNOLD, J., concurs in part and dissents in part.