SPECIAL INDEMNITY FUND v. BONNER et al.

No. 32407. April 29, 1947.

*180 P. 2d 191.*

Mont R. Powell, L. B. Moore, and Thomas D. Lyons, all of Oklahoma City, for petitioner.

Miller & Goad, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 24th day of January, 1945, M. H. Bonner, hereinafter called respondent, filed his first notice of injury and claim for compensation stating that while employed by the Falcon Seaboard Drilling Company he sustained an accidental injury arising out of and in the course of his employment on January 9, 1945, when he hurt his back lifting a joint of four-inch pipe.

After hearings conducted by the State Industrial Commission an award was made for 20 per cent permanent partial disability by reason of a back injury, and the adjustment for this award has been made and is not in dispute. At the same time and as a part and parcel of the same award, the State Industrial Commission found that respondent by reason of being a previously impaired person sustained a combined disability of 80 per cent to the whole man and ordered the Special Indemnity Fund to pay 300 weeks of the combined disability.

The Special Indemnity Fund has brought this proceeding to review the

award and in two propositions asserts: (1) that the State Industrial Commission has no authority to order that the Special Indemnity Fund of the State of Oklahoma pay respondent, Bonner, for a pre-existing disability sustained in 1930 and for which he had been fully compensated; (2) the award against the Special Indemnity Fund of the State of Oklahoma is erroneous and contrary to law in that the only disability for which the respondent, Bonner is entitled to recover is that occasioned by the last injury of January 9, 1945, sustained to his back, as there was no aggravation of a pre-existing impaired physical condition, and that, therefore, the basis of the award in this case is the injury to the back standing alone resulting from the last injury of January 9, 1945.

The record discloses that respondent was injured on January 9, 1945, while working as a motorman and driller's helper for the Falcon Seaboard Drilling Company when he was holding a four-inch drill pipe and lifted his foot to kick the nipple on the pipe and felt a pain in the lower part of his back resulting in an injury to the sacro-iliac region of the back. It also discloses that as a pre-existing impairment and prior injury respondent had sustained an industrial injury on May 4, 1930, while employed by Loffman Brothers which resulted in a 100 per cent loss of vision in the left eye and 20 per cent loss of vision in the right eye. Respondent had received full payment of $5,400 at the rate of $18 per week for 300 weeks and in addition thereto three weeks at $18 per week for temporary total disability for this prior injury.

The sole question presented in the two propositions above is one of law. Can the prior disability be added to the disability caused by the injury while employed by the Falcon Seaboard Drilling Company on the finding of the State Industrial Commission, which is as follows:

"That by reason of the combination of the injuries of 1930 and January 9th, 1945, claimant's disability is materially greater than the injury of Jan. 9th, 1945, standing alone, and that the injury of 1930 resulted in and claimant now has as a result of said injury 80 per cent disability to the body as a whole, for which he is entitled to 100 weeks compensation at the rate of $18.00 per week, or a total of $1,800.00, to be paid by respondent, Falcon Seaboard Drilling Company by reason of the 20% permanent partial disability as a result of the injury of January 9th, 1945, and to 300 weeks compensation at $18.00 per week or the total sum of $5400.00 by reason of the 60% permanent disability to the body as a whole by reason of the injury of 1930, to be paid by the Special Indemnity Fund beginning with the termination of the award herein made in Finding No. 4, hereof."

85 O. S. 1943 Supp. § 172 provides in part as follows :

"If an employee, who is a 'physically impaired person,' receives an accidental personal injury compensable under the Workmen's Compensation Law, which results in additional permanent disability so that the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities, as is now provided by the laws of this state, but the employer shall be liable only for the degree or per centum of disability which would have resulted from the latter injury if there had been no pre-existing impairment."

The purpose of the law was to permit an employer to hire a previously impaired person without assuming the dangers incident to the hazards of the prior disability and allow him to pay the specific disability caused by an injury and make the Special Indemnity Fund liable for the balance. Special Indemnity Fund v. Davidson, 196 Okla. 118, 162 P. 2d 1016; Special Indemnity Fund v. Sims, 196 Okla. 101, 163 P. 2d 210.

In Special Indemnity Fund v. Sims. supra, it is stated that under 85 O. S. 1943 Supp. § 171 et seq., there is no

change in the previously existing law as concerns the character or amount of awards to be made under the Workmen's Compensation Law. And in Special Indemnity Fund v. Davidson, supra, we stated that said act was not amendatory to the Workmen's Compensation Law but merely supplementary thereto; that it did not create any new benefits or enlarge the rights to compensation or increase the amount thereof.

It is to be noted that an award can be made under the above statute only when the additional permanent disability combined with the previous disability results in materially increasing the "degree of disability." Of course, as found by the commission, "claimant's disability is materially greater" by reason of the latter injury, but this is not the test laid down by the statute. The combination of the two injuries must result in a "greater degree of disability." The back injury does not increase any previous disability to the eyes, and the combination of the previous disability with the disability to the back does not increase the "degree" of claimant's disability. The back injury is wholly distinct and separate from the previous injury to the eyes, and it is difficult to see how the previous injury with the back injury could result in a "greater degree of disability," since there is no logical relation or connection between them. The injury caused by the Falcon Seaboard Drilling Company resulted in a permanent partial disability of 20 per cent to the claimant, which is the sole liability of said company. We are of the opinion, and hold, that the award against the Special Indemnity Fund is not supported by the findings of the commission, or by the evidence, and it was error to make an award against it.

Award vacated.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, and ARNOLD, JJ., concur.