SPECIAL INDEMNITY FUND
v. LEE et al.

No. 32989.   Feb. 24, 1948.

Rehearing Denied May 11, 1948.

*193 P. 2d 305.*

Mont R. Powell and Don Anderson, both of Oklahoma City, for petitioner.

S. J. Clay, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   This is the original proceeding brought by Special Indemnity Fund to review an award made to Clifford S. Lee, respondent, in a joint award against Special Indemnity Fund and his employer, C. M. Hill Construction Company.

Respondent stated that he sustained an accidental injury arising out of and in the course of his employment with the C. M. Hill Construction Company on the 15th day of September, 1945, when he strained his back while lifting some building material. The State Industrial Commission, in a hearing conducted for the purpose of determining the cause and extent of disability, found that the respondent was a previously impaired person within the meaning of 85 O.S. 1943 Supp. §171, by reason of loss of his left eye, and entered an award for 47 per cent permanent partial disability to the body as a whole, finding therein that he sustained a 7 per cent disability to the body as a whole by reason of the injury of September 15, 1945. It ordered the C. M. Hill Construction Company to pay the 7 per cent disability and also ordered the petitioner, Special Indemnity Fund, to pay 40 per cent disability to the body as a whole, less 100 weeks for the loss of the eye.

In our opinion the award must be vacated and the cause remanded to the State Industrial Commission under the ruling of this court in Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475; Special Indemnity Fund v. Bonner, 198 Okla. 491, 180 P. 2d 191; and Special Indemnity Fund v. Wade, 199 Okla. 547, 189 P. 2d 609.

In Special Indemnity Fund v. Wade, supra, we held that a disability to a specific member could not be combined with a disability to the hip for the purpose of determining the percentage of disability to the body as a whole.

Since there is no relation between the loss of eye, which caused the respondent to be a physically impaired person and the 7 per cent disability to the body as a whole caused by the injury to the back sustained September 15, 1945, no award can be made against Special Indemnity Fund.

The award for 7 per cent disability to the body as a whole made against C. M. Hill Construction Company is not at issue in the case at bar in so far as this proceeding is concerned. The award has become final and subject to satisfaction. Since no award can be made against Special Indemnity Fund, the award against it is vacated and the cause remanded to the State Industrial Commission, with directions to dismiss the proceeding against Special Indemnity Fund.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, GIBSON, and ARNOLD, JJ., concur.