HENRY SCHAFER, Inc., et al. v.
MITCHELL et al.

Nos. 32986, 32993.   Sept. 21, 1948.

*198 P. 2d 397.*

George F. Short, Welcome D. Pierson, John N. Singletary, and Margaret Behringer, all of Oklahoma City, for petitioners.

Mont R. Powell and Don Anderson, both of Oklahoma City, for Special Indemnity Fund.

Hatcher & Hatcher and Baxter Taylor, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

GIBSON, J.   Separate appeals have been here filed by Henry Schafer, Incorporated, and Associated Indemnity Corporation, its insurance carrier, who will be herein referred to as petitioners, and Special Indemnity Fund which will be herein referred to as The Fund, from an order of the State Industrial Commission awarding compensation to respondent, Richard L. Mitchell.

The appeals have been here consolidated.

The case was heard by a trial commissioner, who, at the conclusion of the evidence, in substance, found: that the respondent on or about the 8th day of April, 1946, while in the employ of petitioner, Henry Schafer, Incorporated, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his back and left hip resulting in a 60 per cent permanent partial disability to his body as a whole; that he was

then a physically impaired person in that on December 5, 1945, he sustained some disability to his right arm (degrees of disability not stated) and that such disability was noticeable to an ordinary layman and had been previously adjudged by an order of the State Industrial Commission under date of March 15, 1946, and that as a result of the combination of injuries he is now permanently totally disabled. Upon such findings an order was entered awarding compensation against petitioners in the sum of $6,300 for a period of 300 weeks payable at the rate of $21 per week, and against The Fund in the sum of $4,200 on the basis of 40 per cent permanent partial disability to the body as a whole, payable in 200 weeks at the rate of $21 per week.

The award was sustained on appeal to the commission sitting as a whole.

Petitioners contend that the award against them is not supported by the evidence. Respondent testified, and it is conceded, that on the 8th day of April, 1946, while in the employ of petitioner, Henry Schafer, Incorporated, and while working about an oil derrick, a 2x6 board six feet long fell from the derrick a distance of 90 feet striking him on the back, resulting in an injury to his hip and back whereby he sustained some permanent disability to his person.

The medical experts all agree that as a result of the accident occurring April 8, 1946, respondent sustained an injury to his back and hip which resulted in a permanent disability to his body as a whole. The only disagreement between them is as to the extent or degree of such disability. Two physicians, testifying on behalf of petitioners, testified that as a result of such injury respondent sustained a 20 per cent permanent partial disability to his body as a whole, while one physician, testifying on behalf of respondent, stated that as a result thereof he sustained a 75 per cent permanent partial disability to his body as a whole. The commission found 60 per cent disability.

This finding is well within and supported by the evidence. It will therefore not be disturbed by this court on review.

The Fund contends that the award as against it is contrary to law and is not supported by the evidence. It is first contended that there is no competent evidence tending to sustain the finding of the commission that respondent at the time he sustained his last injury was a physically impaired person within the meaning of the Special Indemnity Fund Act (85 O.S. 1947 Supp. §171).

In this respect respondent testified that prior to the time he received his last injury, and on December 15, 1945, while in the employ of Noble Drilling Company, he received an injury to his right elbow; that he had never completely recovered therefrom and that since that time he has been unable to use his arm as before; that the commission had theretofore awarded him compensation for such injury. He also testified that as a result of an earlier accident occurring in 1943 he sustained some injury to his left hand, and that as a result of all his injuries he is no longer able to do ordinary manual labor.

The only other evidence as to the extent or nature of respondent's prior injuries consists of testimony of Dr. White. He testified that in addition to his last injury he found upon examination that respondent had as a result of prior injuries sustained between 20 and 25 per cent permanent partial disability to his right arm, and complete loss of the fourth finger and 50 per cent loss of use of the third finger of his left hand, which injuries resulted in 17½ per cent permanent partial disability to the hand; that the disability to respondent's right arm and left hand was so pronounced as to be obvious and noticeable to an ordinary layman.

The evidence is sufficient to establish that respondent at the time he sustained his last injury was a physically

512

impaired person in that as a result of prior injuries he had sustained the partial loss of use of his right arm and left hand such as is or would be obvious to an ordinary layman upon examination or observation, and is therefore sufficient to sustain the finding of the commission that respondent was a physically impaired person.

The view taken renders it unnecessary to pass upon the question discussed by the parties relative to the sufficiency of the evidence to sustain the finding that it had been previously adjudged by the State Industrial Commission that respondent as a result of a prior injury had sustained a disability to his right arm.

The Fund further contends that there is a total lack of evidence to support the conclusion of the commission that respondent as a result of all his injuries is permanently totally disabled. The only evidence offered by either party as to degree of disability sustained by respondent as a result of all his injuries consists of the evidence of Dr. White. He testified that as a result of such injuries respondent is now permanently totally disabled from performing ordinary manual labor. He, however, based such conclusion on an estimated disability of 75 per cent to the body as a whole as a result of the last injury, and an estimated disability of between 20 and 25 per cent to the right arm and a disability of 17½ per cent to the left hand as a result of the prior injuries. The commission, however, did not base its conclusion of permanent total disability on such state of facts. It found a last injury disability of 60 per cent to the body as a whole; it found no prior left hand disability.

The only prior disability found to exist by the commission consists of some disability to respondent's right arm without making a finding as to the degree of such disability. There is no evidence, based on the finding of the commission, to sustain its conclusion that the respondent as a result of his combined disabilities is now permanently totally disabled. Special Indemnity Fund v. Bennett, 199 Okla. 505, 187 P. 2d 991; Special Indemnity Fund v. Ring, 199 Okla. 685, 189 P. 2d 939.

The evidence discloses that respondent's last injury consists of an injury to his hip and back. Such injury cannot be combined with a prior injury to the arm for the purpose of fixing liability against The Fund in the absence of a showing that the combined disabilities resulted in permanent total disability. Special Indemnity Fund v. Wade, 199 Okla. 547, 189 P. 2d 609 Special Indemnity Fund v. Lee, 200 Okla. 327, 193 P. 2d 305. Since the evidence is insufficient to support the conclusion of the commission that respondent as a result of his combined injuries is permanently totally disabled, the award as against The Fund cannot be sustained.

Award sustained as to petitioners, Henry Schafer, Incorporated, and Associated Indemnity Corporation, and vacated as to The Fund, with directions to proceed in accordance with the views herein expressed.

HURST, C.J., and BAYLESS, CORN, ARNOLD, and LUTTRELL, JJ., concur.