SPECIAL IND. FUND v. KILGORE et al.

No. 32493.   June 27, 1950.

*219 P. 2d 1001.*

Mont R. Powell, Don Anderson, and Thomas D. Lyons, all of Oklahoma City, for petitioner.

Hatcher & Hatcher and Baxter Taylor, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, V. C. J. This is a proceeding by the Special Indemnity Fund of the State of Oklahoma to review an award made by the State Industrial Commission against the Fund in favor of the claimant, Earl Kilgore.

On May 25, 1949, clamant, Earl Kilgore, an employee of the McAlester Fuel Company, filed his claim seeking to recover for a disability caused by accidental injury sustained on January 20, 1945, when a part of a supporting pillar in a coal mine in which claimant was working fell on him injuring his right ankle, right leg, chest, both arms, and right shoulder. Following a hearing by the State Industrial Commission an award was entered finding that claimant was a "physically impaired person" as a result of an accidental injury sustained December 31, 1940, resulting in 15% permanent disability due to a back injury; that as a result of the injury of January 20, 1945, claimant sustained a 10% permanent partial disability to his right foot for which he was entitled to compensation of 15 weeks at $18 per week; that as a further result of the 1945 injury claimant sustained a 10% permanent partial disability to the body as a whole (chest and shoulder injuries) for which he was entitled to compensation for 50 weeks at $18 per week.

The State Industrial Commission further found that as a result of combining the injuries of January 20, 1945, and the 15% permanent disability to the body as a whole due to the 1940 accidental injury, claimant has a 35% total disability to the body as a whole which is materially greater than the last injury alone; and that "he is entitled to compensation as is now provided by law, to wit; 15 weeks at the rate of $18 per week, or a total of $270, representing 10% to the right foot, to be paid by the respondent and insurance carrier, and 50 weeks at the rate of $18 per week, or a total of $900 to be paid by respondent and insurance carrier, and to 35% to the body as a whole or 175 weeks at the rate of $18 per week, less the 15 weeks to the right foot and less the 50 weeks to the body as a whole and less the 75 weeks disability from the prior injury, being $630 to be paid by the Special Indemnity Fund, commencing at the termination of the period for payment of the award against respondent and insurance carrier."

The award against the respondent and its insurance carrier was settled by joint petition and paid. This proceeding is by the Special Indemnity Fund to review the award against it.

The claimant, respondent here, suffered a compensable accidental injury to his shoulder, leg, and foot. The medical testimony for petitioner and respondent describes the injuries and variously evaluates the resulting disabilities therefrom. Claimant had theretofore suffered an old injury covered by the Workmen's Compensation Law to his back. A so-called 300 week order was made as to his disability resulting from that injury under the "other cases" provision of the Workmen's Compensation Law. No payments were made under this order but a joint petition was filed and settlement made thereon with the approval of the Industrial Commission. While references are made to the old injury in the testimony, the medical testimony does not show any disability existing by reason of the old injury. In fact, there is no medical testimony sufficiently describing the old injury from which it might be reasonably concluded that any disability existed therefrom at the time of the hearing. The only medical testimony in the record on which the commission could determine the combined disability resulting from old and new injuries is that of Dr. White. He said:

"Taking the injury to his back which he received December, 1940, and the injuries to his chest, shoulders and ankle into consideration, it is my opinion that he has a greater disability as a result of the combined injuries. It is my opinion that he has 60% permanent disability to the body as a whole as a result of the combined injuries."

The conclusion from this testimony is inescapable that Dr. White estimated

combined disability based upon his combination of injuries to the chest, shoulder and ankle received in the compensable accident and the disability which, in his opinion, resulted from the old back injury.

We have consistently held that disabilities from injuries to unclassified and unscheduled parts of the body, such as the shoulders, chest and back, cannot be combined with disabilities resulting from injuries to classified and scheduled members of the body, such as the legs and feet, in less than permanent total cases. See Special Indemnity Fund v. Lee et al., 200 Okla. 327, 193 P. 2d 305; Special Indemnity Fund v. Wade et al., 199 Okla. 547, 189 P. 2d 609; Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d 475; and Special Indemnity Fund v. Bonner et al., 198 Okla. 491, 180 P. 2d 191.

The order of the commission herein could have been based upon no other medical testimony than that of Dr. White. Any order of the commission as to the amount of disability, combined or otherwise, would have to be supported by medical testimony. No one contends otherwise. An order could be made, if medical testimony on the point justified it, as to combined disability resulting from the old and new injuries to the body-back, shoulder and chest. In such event, the medical testimony on the point would have to show existing disability from the old injury in combination with existing disability from the new injury to the body, exclusive of and without regard to existing disability to the classified and scheduled major members of the body involved—the leg and foot.

For the foregoing reasons the order made by the commission holding the Special Indemnity Fund liable for the material increase of disability resulting from combination of classified and unclassified members must be vacated. This being true, it is unnecessary to pass upon the other alleged errors raised by the Special Indemnity Fund.

Award vacated.

CORN, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. DAVISON, C.J., and WELCH and O'NEAL, JJ., dissent.

O'NEAL, J. (dissenting). I am unable to concur in majority opinion herein insofar as it holds that under the provision of section 2, Title 85, S. L. 1943, a permanent partial disability to the foot may not be combined with a previous disability to the back so as to fix liability on the Special Indemnity Fund in less than permanent total disability cases.

There can be no doubt that claimant was a "physically impaired person" as defined in Title 85, sec. 1, S. L. 1943. Claimant suffered an accidental injury to his back December 31, 1940, for which he was awarded compensation. The second injury occurred January 20, 1945. That injury was to claimant's right foot, 10% permanent partial disability to the foot, and also injury to the chest and shoulders, 10% permanent partial disability to the body as a whole. The State Industrial Commission found that as a result of combining the injuries of January 20, 1945, and the injuries of 1940, claimant has a 35% permanent partial disability to the body as a whole which is materially greater than the disability due to the last injury alone, and entered an award against the Special Indemnity Fund accordingly. There is ample evidence to sustain the finding of the State Industrial Commission.

The majority opinion states that we have consistently held that disabilities from injuries to unclassified and unscheduled parts of the body, such as the shoulder, chest and back ("Other Cases" injuries) cannot be combined with disabilities resulting from injury to classified and scheduled members of the body, such as the legs and feet, unless in permanent total disability cases. In support of this statement the majority opinion cites Special Indemnity Fund v. Lee et al., 200 Okla. 327, 193 P. 2d 305; Special Indemnity Fund v. McMillin, 198 Okla. 412, 179 P. 2d

475; Special Indemnity Fund v. Wade et al., 199 Okla. 547, 189 P. 2d 609, and Special Indemnity Fund v. Bonner et al., 198 Okla. 491, 180 P. 2d 191.

I submit that neither the McMillin case, nor the Bonner case, has any application. The question here involved was not involved in either the McMillin case, or the Bonner case. We did so hold in the Lee case, supra, and the Wade case, supra, and also in Henry Schafer, Inc., v. Mitchell, 200 Okla. 510, 198 P. 2d 397, and in Special Indemnity Fund v. McWhorter, 200 Okla. 469, 196 P. 2d 689. The Lee case, supra, the Schafer case, supra, and the McWhorter case, supra, are all based on Special Indemnity Fund v. Wade, supra.

I am firmly convinced that the Wade case misconstrues the law as it now exists. The only authority for the statement in the Wade case, supra, is Mudge Oil Co. v. Wagnon, 193 Okla. 466, 145 P. 2d 185. In turn the Mudge Oil Company case is based almost entirely upon Eubanks v. Barnsdall Oil Co., 169 Okla. 31, 35 P. 2d 873. The previously impaired person statute was not involved in either of said cases. They both involved multiple injuries sustained in the same accident. The principal reason for holding that disability arising out of an injury to a specific or classified member could not be combined with disabilities arising out of an injury of the "other cases" class, was because, as the law then stood, disability of the one class was not compensable on the same basis as disabilities of the other class, in that disability arising out of the total or partial loss of a specific member was the arbitrary number of weeks' compensation specified in 85 O. S. 1941 §22, while compensation under the "other cases" clause was based upon the difference between the claimant's average weekly wage and his wage-earning capacity after the injury.

In 1941, Title 85, sec. 3, S. L. 1941, page 478, the Legislature amended the "other cases" clause so as to make compensation therefor 66 2/3% of the average weekly wage during that portion of the number of weeks which the partial disability of the employees bears to the permanent total disability. In other words, compensation under the "other cases" clause is now based upon the percentage of total disability the same as other injuries. That entirely removed any reason for holding that disabilities arising under the "other cases" clause may not be combined with disabilities arising from the loss or partial loss of a specific member. That amendment renders the Mudge Oil Co. case, supra, and the Eubanks case, supra, entirely inapplicable.

In addition thereto, sec. 2, Title 85, Special Indemnity Act of 1943, specifically provides that if an employee who is a "physically impaired person" receives an accidental personal injury compensable under the Workmen's Compensation Law, which results in additional permanent disability so that the degree of disability is materially greater by the combination of both disabilities than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of such combined disabilities as is provided by law. That Act makes no exceptions, and there are no distinctions between injury to specific members and "other cases" injuries. That, as I view it, is specific authority, is not specific direction, for the combination of physical disabilities.

My view is that the Wade case, supra, establishes a rule in cases such as the one here involved which was not contemplated by the Legislature, is impracticable, and is not supported by logic, reason or authority and works an injustice to those entitled to the benefits of the Workmen's Compensation Act. See opinion of Mr. Justice Arnold, concurring in part and dissenting in part, in Trigg Drilling Co. et al. v. Daniels, 193 Okla. 644, 145 P. 2d 944. Special Indemnity Fund v. Wade, supra, and all subsequent cases based thereon should be overruled insofar as they

hold that in no case can disabilities arising from injury to a specific member be combined with disabilities arising from injuries in the "other cases" class.

There is another matter which I think should be considered in this case. The Wade case holds that though an injury to the hip and back, whether old or new, may not be combined with a leg injury, but the State Industrial Commission should disregard the back or hip injury altogether, and could consider an injury to the leg which grew out of or was caused by the hip or back injury, and combine such injury to, or disability of, the leg. In the instant case the majority opinion holds that an order could be made, if medical testimony on the point justified it, as to combined disability resulting from the old and new injury to the body, that is, the back, shoulder and chest. The case was not considered from that standpoint by the Commission. In view of the holding of the court on that matter justice requires that the cause should be remanded to the State Industrial Commission, with directions to permit the claimant, if he so desires, to present evidence going to the question of subsequent injury to the back, shoulder and chest, separate and apart from any injury to the foot.

For the reasons above stated, I respectfully dissent.