**SPECIAL INDEMNITY FUND, Petitioners,**

v.

**W. W. FITE and the State Industrial Court, Respondents.**

No. 38868.

Supreme Court of Oklahoma.

March 7, 1961.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioner.

Hugh M. Sandlin, J. C. Daugherty, Holdenville, Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.

W. W. Fite, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Eagle Picher Mining Company he sustained an accidental injury arising out of, and in the course of his employment, on the 15th day of November, 1958, when he hurt his back, hip, and sustained a left and right inguinal hernia. He settled on joint petition for $2,500 for the latter injury. A proceeding was thereafter commenced against Special Indemnity Fund, and an award was entered which is in part as follows:

"That on November 6, 1958, claimant was in the hazardous employment of the respondent, Eagle Picher Company, at a wage sufficient to entitle him to compensation for permanent disability at the rate of $30.00 per week; that on said date he suffered an accidental personal injury arising out of and in the course of his hazardous employment with respondent consisting of injury to his back, right hip and a left hernia, and his claim therefor having been settled by Joint Petition for $2500.00, and this Commission's order approving same entered herein on April 22, 1959.

"That on November 6, 1958, the date of claimant's last injury, he was a previously impaired person by reason of an injury in 1958 to his right side and back, resulting in a right hernia which has not been repaired; an injury in 1957 to his right hand resulting in 10 percent permanent partial disability to the right hand for the performance of ordinary manual labor; an injury in 1957 to his left hand resulting in 5 percent permanent partial disability to the left hand for performance of ordinary manual labor; and an injury in 1957 to his lower back resulting in 25 percent permanent partial disability to the body as a whole for the performance of ordinary manual labor; or a combined permanent partial disability to the body as a whole of 40 percent, for the performance of ordinary manual labor, and which disability was obvious and apparent to an ordinary layman; that as a result of his injury of November 6, 1958, to his left side resulting in a left hernia, and to his back and right hip, he has suffered an additional 25 percent permanent partial disability to the body as a whole for the performance of ordinary manual labor, and the said bi-lateral hernias are now unrepairable; that claimant's permanent disability suffered by reason of his last injury, combined with his previous disabilities and unrepairable hernias, is materially greater than that which would have resulted from his last injury alone, and by reason of all injuries he has a combined disability of 100 percent to the body as a whole for the performance of ordinary manual labor and is unemployable, leaving claimant permanently and totally disabled for the performance of ordinary manual labor, for which he is entitled from the Special Indemnity Fund to compensation in the amount of $15,-

000.00, less the sum of $2,500.00 which was paid claimant as compensation for permanent partial disability for the injury incurred November 6, 1958, and less the sum of $608.00 which was paid claimant for salary in lieu of compensation for temporary total disability as the result of said injury, leaving the Special Indemnity Fund obligated to pay claimant the amount of $11,892.00 payable weekly at the rate of $30.00 per week."

This proceeding is brought to review the award.

Petitioner raises three propositions: first, that claimant is not a physically impaired person as defined by 85 O.S.1951 § 171; second, that the finding that the hernias are unrepairable is not supported by any competent evidence; and third, that the State Industrial Court erred in combining the hernias with other disability for total and permanent disability.

Since the third proposition is determinative of the case, it is unnecessary to consider the first two propositions.

In Pettit Motor Co. v. Pettit, Okl., 353 P.2d 20, we held that hernias as provided for under 85 O.S.1951, Sec. 22, subd. 3, could not be combined with a leg injury to obtain an award for permanent total disability. Tit. 85 O.S.1959 Supp., Sec. 22, subd. 3, relating to hernias provides as follows:

"Hernia. In case of injury resulting in hernia, temporary total compensation for fourteen (14) weeks, and the cost of an operation shall be payable; provided, however, in any case where the injured employee has been twice previously operated for hernia in the same area and it is established by opinion of a competent surgeon that further surgery will not result in full relief of the condition, the Commission may then award compensation for disability resulting therefrom under subdivision 1 of this section, or, if not totally and permanently disabled, then under the 'Other Cases' subdivision following, and, after a second surgical attempt to repair hernia the injured may not be required to submit to further surgery in an effort to relieve the disability thereafter existing; provided, further, the use of any artificial reinforcement or device, with or without surgery, shall not be the basis of reducing extent of disability to be awarded."

Under the above decision, since it is admitted that the hernias did not result in total and permanent disability, they cannot be combined with former disabilities for an award against the Special Indemnity Fund. The disability due to the latter injury has been paid in full on joint petition, and no further liability can be established against the employer. Since it is manifest from the record that there can be no combination of the prior impairment and the disability caused by the latter injury, which would be total and permanent, without the consideration of disability resulting from both hernias, there can be no award entered against the Special Indemnity Fund. A disability arising from an injury to an unclassified member cannot be combined for an award against the Special Indemnity Fund, unless the combination results in total and permanent disability. Special Indemnity Fund v. Wade, 199 Okl. 547, 189 P.2d 609; Special Indemnity Fund v. Kilgore, 203 Okl. 241, 219 P.2d 1001.

Additionally it should be observed that in Pettit Motor Co. v. Pettit, supra, recovery for hernia was governed by 85 O.S. 1951 § 22, subd. 3. In the instant case any recovery for hernia would have to be governed by the provisions of 85 O.S.1951 § 22, subd. 3, as amended in 1957.

Award vacated.