Bill Thomas FRYMAN, Petitioner,

v.

MOORE BRIDGE COMPANY, Special Indemnity Fund, and the State Industrial Court of the State of Oklahoma, Respondents.

No. 39477.

Supreme Court of Oklahoma.
Dec. 12, 1961.

M. W. Cooper and Carrol Womack, Oklahoma City, for petitioner.

Mont R. Powell, Moraul Bosonetto, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

The issue presented in this case is whether the Industrial Court erred in finding that claimant, Bill Thomas Fryman, was not totally and permanently disabled for the performance of ordinary manual labor.

The record shows that claimant was a "physically impaired person" by reason of a back injury in 1952 resulting in an adjudication of 15% permanent partial disability to the body, and a back injury in 1955 resulting in an additional adjudication of 20% permanent partial disability to the body.

Claimant's third back injury occurred in 1959, and forms the basis of this proceeding. This third, or 1959, injury was settled against the employer, Moore Bridge Company, on the basis of 20% permanent partial disability, with reservation of the right to proceed against the Special Indemnity Fund.

At hearings on the claim against the Special Indemnity Fund, Dr. R in testifying for claimant concluded that claimant was totally and permanently disabled for the performance of ordinary manual labor; however, he also testified that on the two occasions when he saw claimant he definitely suspected that claimant was exaggerating his symptoms, and that the lumbrosacral spine films, with lateral view in both flexion and extension, revealed no evidence of instability.

Dr. M in testifying for the respondent, Special Indemnity Fund, concluded that by reason of claimant's previous impairments to the back, 15% and 20% as above shown, and in combination, resulted in a 40% disability to the body as a whole at the time of the last injury in 1959. He allowed 20% to the body as a whole from the last, or 1959, injury and concluded that claimant's combined permanent partial disability to the body as a whole was 70%. He also testified, however, that he performed pre-employment physical examinations for several bridge companies, and that claimant could not pass such examinations for the reason that the bridge companies for which he performed the examinations have strict regulations against employing persons who have had operations for back injuries. He further testified that claimant should be able to obtain and perform lighter employment and that he could work for employers who do not require a pre-employment physical examination. It is upon this testimony that claimant concludes that the Industrial Court erred in not finding claimant totally and permanently disabled.

Claimant contends that the testimony of Dr. M was both indefinite and inconsistent, inviting attention to Garr-Wooley Oil Co. v. Yeargin, Okl., 355 P.2d 410. We have carefully examined this testimony and do not find Dr. M's testimony to be indefinite, equivocal, ambiguous or inconsistent.

Claimant further states that this court has defined total permanent disability as follows:

"A total permanent disability within the terms of the Workmen's Compensation Law is not synonymous with total incapacity or total dependence, but means a lack of ability to follow continuously some substantially gainful occupation without serious discomfort or pain and without material injury to health or danger to life."

In this connection claimant cites Dierks Lumber and Coal Co. v. Lindley, 182 Okl. 185, 77 P.2d 44; McKissick Products Corporation v. Gardner, Okl., 280 P.2d 718; and U. S. Gypsum Co. v. Rauh, Okl., 318 P.2d 864.

We have carefully examined the medical evidence presented in this case and are unable to determine that the finding that claimant is not totally and permanently disabled for the performance of ordinary manual labor is not supported by the evidence.

In argument claimant contends that it is the duty of the Industrial Court to make specific findings of the ultimate facts as well as conclusions of law upon which an order granting or denying an award of compensation to a claimant is made or denied, and that the order in this case is too indefinite and uncertain for judicial interpretation. We do not find that the order, insofar as it denies an award for total and permanent disability, is indefinite and uncertain.

The order of the Industrial Court denying an award for total and permanent disability is sustained.

BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.