SPECIAL INDEMNITY FUND of the State of Oklahoma, Administered by the State Insurance Fund, Petitioner,

v.

R. H. BELLER and the State Industrial Court, Respondents.

No. 39709.

Supreme Court of Oklahoma.

Jan. 23, 1962.

Mont R. Powell, James N. Khourie, Oklahoma City, for petitioner.

James Ed Douglas, Stubbs & Douglas, Oklahoma City, for respondents.

IRWIN, Justice.

Under challenge, as contrary to medical evidence, is the trial tribunal's finding that claimant is permanently totally disabled from the cumulative effect of his pre-existing impairments considered in combination with the disability attributable to the last injury.

As disclosed by undisputed proof, claimant's former impairments are: (a) an adjudicated injury to the back and chest sustained on January 14, 1958, for which he was awarded 30 per centum permanent (partial) disability to the body as a whole; (b) total loss of hearing in the right ear. In his most recent compensable accident, which occurred on August 21, 1959, claimant injured his back and heart. His disability from this injury, settled on joint petition, amounted to 25 per centum to the body as a whole. The facts of the last accident are fully recited in Akers & Van Hook Construction Co. v. Beller, Okl., 356 P.2d 738.

In the present proceeding against the Special Indemnity Fund (hereinafter called Fund), Dr. B, an expert witness for the claimant, gave as his opinion that "due to the combination of the injury to his

back (and chest) which occurred in 1958 and the total loss of hearing to his right ear from surgery which occurred in 1950, with the most recent injury (to the back and heart) his disability is increased materially and he is now totally and permanently disabled to perform manual labor".

The Fund urges there is a fatal variance between the findings and the medical proof adduced. It is argued that since no specific finding was made as to claimant's pre-existing deafness, the trial tribunal in effect "ignored" an important factor on which Dr. B necessarily based his evaluation of combined disability.

As we view the record, the extent of claimant's combined disability formed the principal, if not the sole, disputed issue in the proceeding below. The evidence on this point was in conflict. While Dr. B considered claimant to be permanently totally disabled, Dr. M, who submitted a report for the Fund, evaluated the overall condition in terms of 60 per centum permanent (partial) disability. In the opinion of the latter physician, the loss of hearing "did not in any way have any bearing on his disability to perform manual labor". The conclusion of Dr. M is in conflict with the express terms of the statute, 85 O.S.Supp. 1959 § 22, declaring deafness compensable by force of law as a specific injury, regardless of its effect upon a workman's ability to perform labor. See Ford v. Nellie B. Mining Co., 208 Okl. 265, 255 P.2d 504.

■ The trial tribunal obviously elected to accord credence to the expert opinion of Dr. B and found the aggregate disability to be permanent total. The determination so made rests on competent evidence. It is neither the province nor the duty of this court to interfere therewith on review. Special Indemnity Fund v. Davis, Okl., 354 P.2d 769.

Claimant's status as a physically impaired person within the meaning of the statute was not in dispute. The uncontroverted evidence shows a prior adjudicated injury to the back and chest, and a pre-existing impairment of hearing in the right ear which was "apparent from observation or examination by an ordinary layman".

■■ In view of the 1955 amendment to the Workmen's Compensation Act (See SB 380, S.L.1955, pp. 490, 491; 85 O.S.Supp. 1955 § 22), the latter disability also constituted claimant a physically impaired person as defined in the Special Indemnity Act, 85 O.S.1951 § 171, and its combination was therefore authorized. See Special Indemnity Fund v. Michaud, Okl., 345 P.2d 891, 893, and Special Indemnity Fund v. Tyler, Okl., 369 P.2d 180. The State Industrial Court adjudged that claimant was a physically impaired person "by reason of" his adjudicated disability to the back (and chest), recited the occurrence of, and disability from, the most recent accident, and found that the combination of all impairments rendered him permanently totally disabled. The findings are sufficient. Under the provisions of 85 O.S.Supp.1959 § 172 (prior to its amendment in 1961 by SB 194 § 1), the Special Indemnity Fund was not entitled to a deduction for pre-existing impairments where prior disabilities (as defined by Title 85 O.S.1951 § 171) in combination with the latter injury resulted in permanent total disability, and, in such cases, the trial tribunal was not required to recite in its award either the nature or the extent of all individual former conditions which constituted claimant a physically impaired person, in order to show that the aggregate of these conditions was considered in arriving at the determination of combined disability. Special Indemnity Fund v. Davis, supra; Special Indemnity Fund v. Wright, Okl., 350 P.2d 936; Special Indemnity Fund v. Gentile, Okl., 350 P.2d 306; Special Indemnity Fund v. Simpson, Okl., 349 P.2d 635; Special Indemnity Fund v. Wilson, Okl., 348 P.2d 1072; Special Indemnity Fund of Oklahoma v. Townsend, Okl., 346 P.2d 928; see, also, Special Indemnity Fund v. McCoy, Okl., 351 P.2d 725.

■ A general finding of the State Industrial Court in favor of a claimant embraces within it every special finding which

is necessary to sustain it. Standard Roofing & Material Co. v. Mosley, 176 Okl. 517, 56 P.2d 847. The trial tribunal made a finding in this case that claimant's combined disability was permanent total. This determination necessarily includes a finding of all proper evidential ingredients essential to the conclusion so reached. Claimant's pre-existing deafness did not, under the record in this cause, present an ultimate fact upon which a specific finding was required. The findings as made are responsive to the issues presented. There was no error in failing to expressly indicate that the disability to the ear was considered in calculating the combined disability. When an award of the State Industrial Court is supported by competent evidence adduced in an orderly proceeding and contains all material findings of fact and conclusions of law, which are responsive to the issues raised, the language employed therein will not be accorded a narrow and technical construction, if its meaning and intent be clear. Banning v. Peru-Laclede Syndicate, Inc., 179 Okl. 382, 65 P.2d 976; Powell v. State Industrial Commission, 208 Okl. 281, 255 P.2d 493; Dierks Forests, Inc. v. Parnell, Okl., 331 P.2d 392. As we view the record, it is clear that the State Industrial Court intended to, and did determine, that claimant's combined disability from all impairments, former and latter, was permanent and total.

The Fund places principal reliance on our decision in Henry Schafer, Inc. v. Mitchell, 200 Okl. 510, 198 P.2d 397. The cited case is readily distinguishable from the present. Therein claimant's doctor, in his evaluation of the combined condition, assumed a greater degree of disability attributable to the last injury, standing alone, than that previously adjudged by the trial tribunal. The other cases cited by the Fund are likewise inapplicable. They announce the rule that an award based solely on indefinite, equivocal, ambiguous or inconsistent medical opinion does not rest on competent evidence. See Adams v. Reed Roller Bit Co., Okl., 335 P.2d 1080, 1081; Ada Coca-Cola Bottling Co. v. State Industrial Commission, Okl., 341 P.2d 568; Garr-Wooley Oil Co. v. Yeargin, Okl., 355 P.2d 410. In these cases the physical findings of the physician were either patently inconsistent with his conclusion, or the doctor gave two irreconcilably contradictory views predicated on identical medical facts. This is not the case here.

We find no error in the proceeding. The award is accordingly sustained.