Don LIGGENS, Petitioner,

v.

SPECIAL INDEMNITY FUND and State Industrial Court, Respondents.

No. 39741.

Supreme Court of Oklahoma.

March 27, 1962.

Harold Dodson, Butler, Rinehart & Morrison, Oklahoma City, for petitioner.

Mont R. Powell, James N. Khourie, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

Don Liggens, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on February 25, 1960, he sustained an accidental injury arising out of and in the course of his employment with Haggard's, Inc. On October 6, 1960, the claim with the employer was settled on joint petition for $1,500.00. Claimant then commenced this proceeding to recover against Special Indemnity Fund and on April 5, 1961, the trial judge entered an order in part as follows:

"That on February 25, 1960, claimant was an employee of Haggard's, Inc., covered by Workmen's Compensation insurance policy carried with Pacific National Fire Insurance Company, and earning wages sufficient to entitle him to a compensation rate of $30.00 per week for permanent disability; that on said date claimant sustained an accidental personal injury arising out of and in the course of his employment, consisting of injury to his right shoulder, and his claim for compensation therefor was settled by joint petition settlement in the amount of $1,500.00, as appears from Order entered herein on October 6, 1960.

"That prior to claimant's last injury, he had sustained injuries on January 27, 1959, to his eyes and left middle finger, which was settled by joint petition settlement in the amount of $143.00, as appears from Order entered herein on April 23, 1959; injury on June 10, 1952, consisting of hernia which was settled by joint petition settlement in the amount of $600.00, as appears from order entered herein on August 5, 1952; injury on May 15, 1952, to his right elbow which was settled by joint petition settlement in the amount of $100.00, as appears from order entered herein on August 5, 1952, none of said injuries being obvious and apparent to an ordinary layman; that prior to claimant's last injury claimant had contracted the disease of multi-

ple sclerosis which was not obvious and apparent to an ordinary layman.

"That claimant's prior injuries and disease of multiple sclerosis are not combinable with claimant's last injury to entitle him to an award as against the Special Indemnity Fund, and his claim for compensation as against said Fund should be denied."

This order was affirmed by the State Industrial Court en banc.

The evidence discloses that claimant is afflicted with multiple sclerosis. Dr. F filed a report in which he stated that there was a disability to the left arm caused by the disease and that this disability is obviously due to the marked impairment of the left arm. He further stated that it was his opinion that claimant was a physically impaired person under the law prior to his accidental injury of February 25, 1960. Dr. L filed a report in which he stated claimant's multiple sclerosis had left him with a marked limitation of the use of his left arm and hand and there was atrophy of the forearm and in the hand itself; that there was marked limitation of the rotation of the forearm and limitation of the motion of the left shoulder.

We have stated that a medical expert is competent to give expert information necessary to disclose that an injured employee is a physically impaired person which impairment is obvious and apparent to an ordinary layman. Special Indemnity Fund v. Keel, 196 Okl. 315, 164 P.2d 996; Henry Schafer, Inc. et al. v. Mitchell, 200 Okl. 510, 198 P.2d 397; and Special Indemnity Fund v. Roberts, Okl., 356 P.2d 561.

A lay witness for claimant testified that he had observed claimant and he was unable to use his fingers of his left hand and there is further evidence from the testimony of this lay witness that there is a disability to the left arm obvious and apparent to an ordinary layman.

85 O.S.1951 § 171, provides as follows:

"For the purpose of this Act, the term 'physically impaired person' is

hereby defined to be a person who· as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of some member of his body, or the loss of the use, or partial loss of the use, of a specific member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, or any disability which previously has been adjudged and determined by the State Industrial Commission."

In Special Indemnity Fund v. Hunt et al., 200 Okl. 1, 190 P.2d 795, we held that this Court would make an independent determination of when claimant is a physically impaired person. We find that claimant was a physically impaired person as defined by Section 171, supra, and Special Indemnity Fund v. Dickinson et al., 208 Okl. 39, 253 P.2d 161; Henry Schafer, Inc. v. Mitchell, supra.

Special Indemnity Fund cites Special Indemnity Fund of State of Okl. v. Iven et al., Okl., 284 P.2d 419. That case is readily distinguishable in that there was no proof or attempt to establish a disability to a specific member as defined by Section 171, supra. The Fund asserts without offer of judicial support that there is a different rule as to the method of proof of disability to a specific member resulting from an accidental injury and disability resulting from disease. Such a distinction is neither authorized by statute nor approved by judicial opinion.

The testimony is in conflict as to the nature of the last injury. There is competent evidence that there is a disability to the right arm due to the last injury. We therefore hold the State Industrial Court erred in finding claimant was not a physically impaired person and under the rule announced in Corzine v. Traders Compress et al., 196 Okl. 259, 164 P.2d 625, we find it necessary to vacate the order denying the award for we cannot determine whether the State Industrial Court would make an award based on the evidence of the combinability of the two disabilities when that court finds that claimant is a physically impaired person.

The order denying the award is vacated with directions to proceed in accordance with the views herein expressed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and JOHNSON and BERRY, JJ., concur.

DAVISON, JACKSON and IRWIN, JJ., dissent.