**J. J. BERMEA, Petitioner,**

v.

**The STATE INDUSTRIAL COURT and The Special Indemnity Fund of the State of Oklahoma, Respondents.**

No. 39564.

Supreme Court of Oklahoma.

Feb. 12, 1963.

Claud Briggs, Carrol Womack, Oklahoma City, for petitioner.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

HALLEY, Vice Chief Justice.

Claimant was denied an award against the Special Indemnity Fund upon a finding by the State Industrial Court that his "* * * alleged total permanent disability is not the result of a combination of his (last accidental) injury * * * and his pre-existing injuries and disabilities * * *." The sole issue urged by him on review is that such finding is not responsive to the issues raised by the evidence and is too indefinite for judicial interpretation within the rule announced by this Court in Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625 and Boen v. State Industrial Commission et al., 202 Okl. 258, 212 P.2d 457.

After his last accidental injury from a muscle sprain of the back, sustained on February 16, 1960, claimant entered into a joint-petition settlement with his employer and received compensation for 12.5 per centum permanent (partial) disability to the body. In the present proceeding against the Special Indemnity Fund (hereinafter called Fund) he sought an award, as a physically impaired person, for permanent total disability asserted to be due to the cumulative effect of the last accidental injury considered in combination with the following prior impairments: (a) 40 per centum permanent (partial) disability to the body previously adjudicated by the trial tribunal to be attributable to an unrepairable left inguinal hernia sustained in an industrial injury on February 16, 1955; (b) 10 per centum permanent (partial) loss of use of his left arm produced by an industrial injury on January 6, 1959—a disability which has been previously adjudicated by an order entered on joint petition settlement; (c) moderate emphysema and periodic episodes of difficult breathing; (d) underlying osteo-arthritis of the spine; (e) advancing age.

The medical evidence for the claimant consists of letter-reports by Drs. S and G. Dr. S related that claimant's present condition of permanent total disability from "the combination of physical inpairments" was "largely due to his age, his emphysema and periodic episodes of difficulty (in) breathing and his hernia." Dr. G said that claimant's permanent total disability was due to the combination of the last injury, his hernia and arm impairments together "with the material increase due to arthritis and advancing age." For the Fund, Dr. M found "pre-existing degenerative changes in the lumbar spine" and a recurrence of the left inguinal hernia. He attributed no permanent disability to either the muscle sprain sustained in the last accident or the arm injury of 1959.

■ Claimant's status as a physically impaired person did not form a disputed issue in the proceedings. It stands uncontroverted that the two previously adjudicated disabilities (from his left inguinal hernia and to the left arm) did render claimant a physically impaired person as defined by 85 O.S.1961 § 171. Since in establishing his aggregate disability claimant sought to combine impairments of the body with the disability to a classified and scheduled member (the left arm), he had the burden to prove that his combined disability, within the meaning of 85 O.S.1961 § 172, was permanent and total. A disability to the body may not be combined with impairments of the classified members thereof for the purpose of imposing liability against the Fund, unless the aggregate disability resulting from such combination is permanent and total. Special Indemnity Fund v. Kilgore, 203 Okl. 241, 219 P.2d 1001.

■ For the purpose of determining claimant's aggregate disability in a proceeding against the Special Indemnity Fund under the provisions of 85 O.S.1961 § 172, only those pre-existing disabilities which render claimant a physically impaired person as defined by 85 O.S.1961 § 171, are authorized to be considered in combination with the disability resulting from the last

accidental injury standing alone. Special Indemnity Fund v. Tyler, Okl., 369 P.2d 180 and Special Indemnity Fund v. Beller, Okl., 369 P.2d 184.

■ Claimant's unadjudicated pathologies, namely, emphysema, underlying osteoarthritis of the spine and the condition of advancing age could not be considered in the combination of pre-existing impairments. These disability factors do not, under the statute, 85 O.S.1961 § 171, constitute an employee a physically impaired person, unless each of them does individually affect a specific member of the body in a manner which makes the permanent loss of use thereof, be it partial or total, obvious and apparent to an ordinary layman. Special Indemnity Fund v. Roberts, Okl., 356 P.2d 561; see also, Liggens v. Special Indemnity Fund, Okl., 370 P.2d 303. There is no showing here that either of the mentioned disability factors did have that effect upon the claimant.

■ Thus, the ultimate question submitted to the trial tribunal was whether claimant's permanent total disability, if present, did result from the cumulative effect of only those pre-existing impairments which can be properly combined with the last injury. Special Indemnity Fund v. Tyler, supra. The finding as made clearly disposes of this decisive issue. It plainly demonstrates that the order denying an award against the Fund rests on the determination that claimant's asserted permanent total disability, if present, did not result from that combination of disabilities which the law authorizes to be made. The language employed in the finding is clearly susceptible of judicial interpretation and affords a sufficient basis for denial of benefits under the Special Indemnity Fund Act. 85 O.S.1961 §§ 171, 172. Fryman v. Moore Bridge Company, Okl., 366 P.2d 949; see also, Uselton v. Bestway Freight Lines, Inc., Okl., 368 P.2d 860.

■ Claimant urges, too, that the trial tribunal should have found the particular cause of each individual disability. As we

view the record, it was not necessary that the State Industrial Court determine and its order recite the particular cause, character, or nature of the individual impairments comprising claimant's combined disability. The ultimate issue in controversy, we repeat, was whether the alleged permanent total disability, if present, was produced by a combination of authorized impairments. The finding on that issue was sufficient. Special Indemnity Fund v. Beller, supra; see in this connection, Fryman v. Moore Bridge Company, supra.

The order denying an award is free from errors of law and is supported by competent evidence.

Order sustained.