TULSA CONTAINER, INC., (own risk carrier), Petitioner.

v.

Mark BOLDING, Respondent.

No. 48870.

Supreme Court of Oklahoma.

May 31, 1977.

Whitten, McDaniel, Osmond, Goree & Davies by Dale F. Whitten, Tulsa, for petitioner.

Schwoerke & Schwoerke, by K. J. Schwoerke, Oklahoma City, for respondent.

IRWIN, Justice.

On April 3, 1974, Mark Bolding (claimant) sustained an accidental injury and two separate awards were made for permanent partial disability to the body as a whole resulting from that injury. In the first order (January 22, 1975) the trial judge found claimant had sustained an injury to his *neck* resulting in a 12% permanent partial disability to the body as a whole. In the second order (June 25, 1975) the trial judge found claimant had sustained an injury to his *head* resulting in a 7% permanent partial disability to the body as a whole.

The January 22, 1975 order has become final and the issue presented concerns the correctness of the June 25, 1975 order.

Claimant was working underneath a truck of Tulsa Containers, Inc. (respondents) on April 3, 1974, and while attempting to move from under it, struck his head on a metal ladder, injuring his head and neck. He was' taken for medical treatment to Glass-Nelson Clinic. He lost no time after the injury, but continued to suffer pain, and stiffness of the neck, and returned to the clinic because of headaches for which medication was prescribed.

Claimant alleged an accidental injury to both his head and neck in his claim filed on October 16, 1974. When the matter came on for hearing on January 6, 1975, which resulted in the January 22nd order, respondents' counsel stipulated that claimant had injured his head. Upon inquiry by the trial judge as to what "the case was coming on

for", claimant's counsel answered: "Judge, we want to try it on the permanent partial to the neck only and reserve the head for some future date." Respondents' counsel made no objections and the January 6th hearing proceeded.

At the close of the hearing the trial judge asked if at a later date "you (claimant) are going to file for the head injury?", and claimant's counsel answered that he would if the post-concussion headaches did not stop. No objections were made by respondents' counsel that claimant's claim for injury to his head be stricken and that another claim for that injury be filed at a later date. This procedure was followed; a second hearing was conducted; and the June 25th order was issued.

Respondent contends there is a material difference between the manner in which multiple injuries involving scheduled members of the body (such as the hand and foot) are or may be adjudicated and multiple injuries within the purview of 85 O.S.1971 § 22(3) "*Other Cases*", (such as the head and neck) are or may be adjudicated. Respondent argues that claimant's medical evidence at the first hearing covered all his injuries and he received compensation for all his disabilities in the first award [the January 22nd order] and the second award [the June 25th order] constitutes double compensation for the same injuries. Respondent argues that the only way the benefits of the first order could be enlarged would be upon a change of condition and that claimant is not entitled to another award for the same injury.

Claimant contends the first hearing was limited to his neck injuries and the first award covered only his neck injuries. Claimant argues that the record conclusively shows he suffered two separate injuries (one to his head and one to his neck) and that the first award was for disability resulting from his head injury only.

Our Legislature has statutorily prescribed the factor to be employed in calculating an award in case of loss of a scheduled member of the body, such as, the factor would be 200 weeks for loss of a hand. Similar provi-

sions are prescribed for other specific members and the ability of an injured employee to perform ordinary manual labor is not a factor.

■ The Legislature recognized, however, there were other types of injuries resulting in a loss to perform ordinary manual labor for which it would be impractical to prescribe a certain factor. It left this factor open to inquiry and "disability" within the purview of "Other Cases" relates to the disability to perform ordinary manual labor and is measured by the disability to the body as a whole. See *Mudge Oil Company v. Wagnon*, 193 Okl. 466, 145 P.2d 185 (1944); and *Mayberry v. Masonry*, Okl., 542 P.2d 510 (1975).

■ In the case at bar, claimant injured his neck and head and both would be measured by the disability to the body as a whole. Unless the disabilities to the body as a whole attributable to each injury are separately evaluated by the medical evidence, separate awards for each injury may not be made. It is along this line of reasoning that respondent contends claimant is being compensated twice for the same disability to the body as a whole. Respondent argues that the medical evidence submitted to support the January 22nd award included not only the disability due to the neck for which the award was made, but also included the disability resulting from the injury to the head. Respondent says by subsequently awarding compensation resulting from the head injury, claimant has received double compensation for the same injury.

Respondent knew at the January 6th hearing that the hearing would be confined only to the disability resulting from the neck injury; that the disability resulting from the head injury was reserved for a later date; and a claim for that injury would be filed later if the post-concussion headaches did not stop. The report of Dr. M., submitted by claimant at the January 6th hearing stated that "It is my further opinion that this patient has suffered 15% permanent partial disability to his body as a whole * * * due to the mentioned inju-

ries to his neck." The medical report of Dr. P., submitted by claimant at the last hearing, is based upon claimant's head injuries.

To vacate the award in the case at bar we would have to hold that where a claimant sustains multiple injuries that fall within the purview of "Other Cases", the extent of disability to the body as a whole resulting from such injuries must be adjudicated in one claim, i. e., separate claims may not be made for the separate injuries. Such a holding would neither comply with the letter nor the spirit of the Workmen's Compensation Act. However, in those cases where a claimant sustains such injuries and resulting disabilities cannot properly be adjudicated in one claim, those disabilities attributable to each injury must be separately evaluated by definitive medical evidence.

There is competent evidence reasonably tending to support the finding that claimant sustained a 7% disability to his body as a whole as a result of the injury to his head notwithstanding the fact that claimant had received a prior award as a result of the injury to his neck.

Award sustained.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.