SPECIAL IND. FUND v.
CORNISH et al.

No. 32597.    Oct. 14, 1947.

*185 P. 2d 467.*

Mont R. Powell and Thomas D. Lyons, both of Oklahoma City, for petitioner.

Fred M. Hammer, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Special Indemnity Fund to review an order of the State Industrial Commission awarding compensation to Elvin Adelbert Cornish. An award was also entered against C. S. Lydick, employer of respondent and his insurance carrier, Pacific Employers Ins. Company.

Respondent in due time filed his first notice of injury and claim for compensation stating that on the 18th day of October, 1945, while in the employ of C. S. Lydick and while engaged in performing work on the construction and building of an oil rig, he struck his thumb with a hatchet which resulted in a permanent partial loss of use of the thumb.

The trial commissioner, after finding that respondent on the 18th day of October, 1945, while in the employ of C. S. Lydick and engaged in a hazardous employment, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his right thumb (evidence

shows left thumb) resulting in a 25 per cent permanent partial loss of the use of the thumb for which he is entitled to compensation in the sum of $315 or 15 weeks at $21 per week, further found:

"That the Trial Commissioner finds from his observation of claimant's right index finger (evidence shows left finger) and from the medical testimony that on October 18, 1945, claimant was a 'physically impaired person' under the Workmen's Compensation Law of the State of Oklahoma for the reason that an ordinary layman by examination or observation could determine that he had a pre-existing disability of said right finger, which disability had resulted in an 85% permanent partial loss of use of the right index finger, and which condition and disability existed on October 18, 1945.

"That by reason of the combination of the injury pre-existing and injury of October 18, 1945, claimant's disability is materially greater than the injury of October 18, 1945, standing alone, in that the combination of the two injuries had resulted in a 33½% permanent partial loss of use of the right hand; (evidence shows left hand) that claimant is entitled to recover from the Special Indemnity Fund herein said 33½% permanent partial disability to the right hand, 67 weeks, less the 25% permanent partial disability to the right thumb caused by the accidental injury of October 18, 1945, 15 weeks, and less 85% permanent partial disability to the right index finger, the pre-existing disability 29.75 weeks, 22.25 weeks at $21 per week, or a total sum of $467.25, less the deductions hereinafter set out."

Under the above findings the trial commissioner entered an order awarding respondent compensation against C. S. Lydick and his insurance carrier in the sum of $315 or 15 weeks at $21 per week and against the Special Indemnity Fund in the sum of $467.25 or 22.25 weeks at $21 per week.

No appeal was taken by either party from the finding and award of the trial commissioner to the commission en banc. This proceeding is brought by Special Indemnity Fund to review the award. The award is not challenged by the employer or his insurance carrier.

Special Indemnity Fund first contends that there is no competent evidence to sustain the finding of the trial commissioner that respondent at the time he received his injury on October 18, 1945, was a physically impaired person within the meaning of the Workmen's Compensation Act.

A physically impaired person is defined as follows by Title 85, chap. 1, sec. 1, S. L. 1943:

"For the purpose of this Act, the term 'physically impaired person' is hereby defined to be a person who as a result of accident, disease, birth, military action, or any other cause, has suffered the loss of the sight of one eye, the loss by amputation of the whole or a part of some member of his body, or the loss of the use, or partial loss of the use, of a specific member such as is obvious and apparent from observation or examination by an ordinary layman, that is, a person who is not skilled in the medical profession, or any disability which previously had been adjudged and determined by the State Industrial Commission."

It is contended by Special Indemnity Fund that the evidence fails to show that respondent by reason of his prior injury sustained a loss of the use of his left index finger such as is or would be obvious or apparent to an ordinary layman from observation or examination. It is argued that no lay or other witness so testified to any state of facts from which such conclusion could have been drawn.

Respondent testified that about seven or eight years prior to the time he received his present injury he sustained an injury to his left index finger which resulted in a partial loss of the use of the finger; that the finger by reason of such injury remained crooked and stiff; that he could not bend the finger. The record further shows that the finger

was exhibited to the trial commissioner who examined and attempted to manipulate it and that from such examination and manipulation observed that the finger was stiff and crooked and could not be bent. The evidence of respondent when considered in connection with the observation and examination made by the trial commissioner, in our opinion, constitutes evidence sufficient to sustain the finding that respondent at the time he received his injury of October 18, 1945, was a physically impaired person within the meaning of the Workmen's Compensation Act. Special Indemnity Fund v. Hobbs, 196 Okla. 318, 164 P. 2d 980.

Special Indemnity Fund further contends that there is no competent evidence to sustain the finding of the trial commissioner that respondent by reason of both injuries sustained a permanent partial loss of use of his left hand.

In support of this contention it relies on the rule announced in the case of Special Indemnity Fund v. Davidson, 196 Okla. 118, 162 P. 2d 1016. We there held that there is no statutory authority to translate a partial loss of minor specific members such as fingers, into a partial loss of use of the hand in the absence of competent evidence to support such finding. The rule there announced has no application to the facts in the instant case. The record herein discloses ample evidence to support such finding. Respondent testified that the injury sustained by him to his left index finger and his left thumb affected the hand.

The written report of Dr. Boggs on file with the State Industrial Commission was admitted in evidence under agreement that the statements therein contained should be given the same force and effect as though the doctor were present testifying to such state of facts. Special Indemnity Fund, however, objected to the admission of such evidence on the ground that it did not form a proper basis for awarding compensation.

The doctor in his report stated that he examined respondent's hand on January 24, 1946; that he obtained a history of the case and upon such examination and history stated that respondent had sustained a 30 per cent permanent partial disability to the left thumb as a result of the injury sustained in October 1945; that the injury consisted of a thickening of the terminal phalanx and the limitation of motion of the phalangeal joint; that his left index finger is stiff as a result of a previous condition; that such condition is permanent and that in his opinion, by reason of such injury, he had sustained an 85% permanent partial loss of use of such finger. The doctor further stated:

"With the disability of the thumb and index finger of the same hand there is a greatly reduced usefulness of the left hand in grasping objects particularly of small things. The gripping power of the hand and ability to use tools is greatly reduced. I estimate the partial permanent disability of the left hand to be 35 per cent."

The evidence herein brings the case within the rule announced in the case of Special Indemnity Fund v. Farmer, 195 Okla. 262, 156 P. 2d 815, and is sufficient to sustain the finding and award in this respect.

Award sustained.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and LUTTRELL, JJ., concur. GIBSON, J., dissents.