SPECIAL INDEMNITY FUND v.
RING et al.

No. 32945.   Feb. 17, 1948.

*189 P. 2d 939.*

Mont R. Powell and Don Anderson, both of Oklahoma City, for petitioner.

Leo J. Williams and James R. Eagleton, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.   This is an original proceeding brought by Special Indemnity Fund to review an award of the State Industrial Commission in favor of respondent, Glen O. Ring.   An award was also entered against the employer of respondent, General Dye Works.

Respondent in due time filed his first notice of injury and claim for compensation in which it is stated that on March 5, 1946, while in the employ of General Dye Works he received an injury to several fingers of his right hand; that he was at that time a physically impaired person by reason of having sustained a prior injury to the hand.

The trial commissioner found that the respondent, on the 5th day of March, 1946, while in the employ of General Dye Works, received a personal accidental injury to his hand resulting in a 5 per cent permanent partial loss of use of the hand for which he is entitled to compensation in the sum of $200 or 10 weeks at $20 per week.   An award was entered against General Dye Works accordingly.   The commissioner further found that respondent at the time he sustained such injury was a physically impaired person in that in 1938 he had received an injury to the hand resulting in a 50 per cent permanent partial loss of use of the hand; that as a result of both injuries he sustained a disability to the hand materially greater in degree than he would have sustained by reason of the last injury alone and as the result of the combined disabilities he sustained 100 per cent loss of the use of the hand, and after deducting the 5 per cent disability sustained by reason of the last injury and 50 per cent disability sustained to the hand as a result of the former injury as provided by 85 O.S. 1947 Supp. §172, entered an award against Special Indemnity Fund in the sum of $1,800 based on 45 per cent permanent partial disability to the hand or 90 weeks at $20 per week.

The award was affirmed on appeal to the commission en banc.

The Special Indemnity Fund contends that the award entered against it is excessive and that an award in a greater amount should have been assessed against the employer.   It is asserted that the finding of the commission that respondent as a result of the last injury sustained only 5 per cent permanent partial disability to the hand is not supported by the evidence but is contrary thereto; that if the evidence justified a finding of any disability to the hand because of the last injury, the finding as to such disability should have

been materially greater than 5 per cent and the deduction allowed under the statute against the award made for the combination of disabilities should have been correspondingly greater, thus reducing the award as against it. With this contention we agree.

It is not disputed that respondent, as a result of the accident occurring March 5, 1946, sustained an injury to the fingers of his right hand. Respondent testified that three of his fingers were injured in such accident and that as a result of a prior injury received in 1938 he had sustained a disability to the hand. The medical evidence establishes that as a result of the 1938 injury respondent sustained a 50 per cent permanent partial disability to the hand. The doctor who first examined and treated respondent at the time he sustained his last injury so testified, and further testified that as a result of the last injury he sustained a 30 per cent loss of use of his ring finger. He found no permanent disability to any other finger of the hand nor did he find any additional disability to the hand as a result of such injury.

The only medical testimony as to any disability to the hand as a result of the last injury consists of the evidence of one doctor who first examined respondent April 2, 1946. He testified that after obtaining a history of the case he made an examination of respondent's hand and found that he had sustained a prior injury thereto which affected the entire anterior side of the wrist and extended out through the palm to the base of the fingers which affected all the fingers of his hand; that as a result of the injury received on March 5, 1946, he sustained a 20 per cent permanent partial disability to the hand, and as a result of both injuries the disability to the hand is materially greater than would have resulted from the last injury alone and as a result of the combination of disabilities he sustained a total loss of use of the hand.

The medical evidence does not support the finding of the commission that respondent as a result of the last injury sustained a 5 per cent permanent partial disability to the hand. Under the evidence, the commission might have found that respondent as a result of such injury had sustained no disability whatever to his hand but had sustained only a 30 per cent loss of use of the ring finger. In the event the commission had so found no award whatever could have been made against Special Indemnity Fund; Special Indemnity Fund v. Davidson, 196 Okla. 118, 162 P. 2d 1016; or it might have found that as a result of such injury he sustained a 20 per cent permanent partial disability to the hand. It was not authorized to arbitrarily and contrary to the evidence fix the permanent partial disability to the hand as the result of the last injury at 5 per cent and thus diminish the award that should have been entered against the employer and increasing it against the Special Indemnity Fund. Special Indemnity Fund v. Bennett, 199 Okla. 505, 187 P. 2d 991.

The evidence in our opinion is also insufficient, based upon the findings of the commission to support the conclusion that respondent as a result of both injuries sustained a total loss of use of his right hand. While one doctor testified that as a result of both injuries he sustained a total loss of use of the hand, he based such conclusion on an estimated disability to the hand of 20 per cent as a result of the last injury without expressing any opinion as to the degree of disability sustained as a result of the former injury. It is not clear that the doctor would have reached the same conclusion based on a state of facts as found by the commission.

The award as against Special Indemnity Fund is excessive.

Award vacated, with directions to proceed in accordance with the views herein expressed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.