## SPECIAL INDEMNITY FUND
### v.
### DAVIS et al.
### No. 35724.

Supreme Court of Oklahoma.
Dec. 8, 1953.

Mont R. Powell, William R. Saied, Sam Hill, Oklahoma City, for petitioner.

Dick Bell, Seminole, A. D. Kidd, Wewoka, Okl., Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, Justice.

This is an original proceeding brought by the Special Idemnity Fund to review an order of the State Industrial Commission against it.

In accordance with the statements contained in his Form 3, claim for compensation, claimant testified that on April 2, 1952, he was employed by O. C. Tut Tilley Company; that while running tubing the spinning head became fouled on the cathead catching the four fingers of his left hand in the rope crushing them; that he returned to work on April 18, 1952; that in 1947 he had sustained an injury to his right hand resulting in amputation of his right thumb and middle finger and injuries to his ring and index finger.

By stipulation three medical reports were introduced in evidence. Dr. Perry estimated that as a result of the accidental injury of April 2, 1952, claimant had sustained 2% permanent partial disability to the left hand; Dr. Jones estimated that claimant had between 5% and 7½% permanent partial disability to the left hand; Dr.

Gallagher, who examined claimant on behalf of the Special Indemnity Fund, estimated that as a result of the 1947 injury claimant had 50% disability to the right hand; that as a result of the 1952 injury he had 7½% permanent partial disability to the left hand; that the combination of the old and new injuries produced disability greater than the aggregate disabilities of the individual members standing alone, and that as a result of such combination of old and new injuries claimant had 30% permanent partial disability to the body as a whole.

The Commission found that claimant had sustained 5% permanent partial disability to the left hand for which he was entitled to 10 weeks compensation at $25 per week from his employer and its insurance carrier; that on the date of the injury to his left hand he was a physically impaired person by reason of an injury sustained in 1947 to his right hand which resulted in 50% permanent partial disability to the right hand; that as a result of the combination of the pre-existing injury to the right hand and the latter injury to the left hand claimant had suffered a material increase in disability over the last injury standing alone, amounting to 30% permanent partial disability to the body as a whole; that claimant was entitled to 30% permanent partial disability to the body as a whole, or 150 weeks, less the 5% disability to the left hand or 10 weeks and less the 50% disability to the right hand, or 100 weeks, leaving 40 weeks or 8% permanent partial disability chargeable to the Special Indemnity Fund; it entered its order in accordance with these findings.

The award made against the employer and its insurance carrier has been paid.

The Special Indemnity Fund contends that it is entitled to a hearing separate and apart from that of the respondent and insurance carrier; that any medical reports introduced by the respondent and insurance carrier are not competent against the Fund unless the record shows that said reports are admitted by and for all parties; that as the report of Dr. Gallagher is the only medical report which makes an estimate of disability resulting from a combination of the old injury with the new that report is the only one which can be considered in determining the liability of the Fund. This contention is without merit. All the evidence before the Commission could properly be considered by it in making an award against either the employer and insurance carrier or the Fund or both.

The Fund further contends that the combined disability, estimated by Dr. Gallagher only, must have been based on a combination of 7½% to the left hand and 50% to the right and is without foundation in evidence because the commission found there was only 5% disability to the left hand; that it is not clear that the doctor would have reached the same conclusion as to the percentage of disability resulting from the combination of the two injuries had he used the figure of 5% disability to the left hand instead of the 7½% figure he did use in computing the combination of disabilities, citing Special Indemnity Fund v. Ring, 199 Okl. 685, 189 P.2d 939. We do not agree. In the case cited by the Fund there was no estimate by the doctor of the disability occasioned by the former injury and for that reason the evidence was held insufficient. The case is not in point here. Dr. Gallagher estimated the disability occasioned by the former injury, by the latter injury, and then stated that there was permanent partial disability over and above the addition of the disabilities to the right and left hands and that the total disability from all causes was 30% to the body as a whole. It is apparent from Dr. Gallagher's report that he did not make a mathematical computation of the disability resulting from the combination of the two injuries but instead considered claimant's overall disability as a result of the combination. It does not appear that the Commission's finding of 5% disability to the left hand would change the estimate of disability resulting from the combination of the two injuries. The evidence was sufficient to support the Commission's finding of 5% dis-

ability to the left hand; the evidence is uncontradicted as to the disability resulting from the combination of the old and new injuries—as Dr. Gallagher's estimate of 30% was the only testimony on the point, the Commission could not have found less.

Award sustained.