**SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,**

v.

**C. C. REEDER, Fleet Drilling Company, U. S. Fidelity and Guaranty Company, and the State Industrial Commission of the State of Oklahoma, Respondents.**

No. 36497.

Supreme Court of Oklahoma.

Feb. 23, 1955.

Rehearing Denied Nov. 29, 1955.

Mont R. Powell, William R. Saied, Oklahoma City, for petitioner.

Fermon Hatcher, Pauls Valley, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Justice.

This is a proceeding by Special Indemnity Fund to review an award of the State Industrial Commission awarding compensation in favor of respondent, C. C. Reeder. Fleet Drilling Company, employer of respondent, and its insurance carrier are also made parties to the proceeding.

The claim as between respondent and his employer and its insurance carrier has been settled by joint petition settlement. We are here concerned only with the award against Special Indemnity Fund.

It appears from the claim filed and the evidence offered in support thereof that on December 1, 1953, respondent, while in the employ of Fleet Drilling Company sustained an accidental injury consisting of a broken left foot. The injury was caused by falling backward off a mud tank on which he was then working. He was at that time a physically impaired person by reason of an injury sustained by him sometime in 1928 which resulted in the breaking of his left leg above the knee.

The trial commissioner after finding that respondent on December 1, 1953, sustained an accidental injury arising out of, and in the course of his employment consisting of

420

an injury to his left foot; that at the time of his injury his wages were sufficient to fix his rate of compensation at $28 per week; that at said time claimant was a physically impaired person by reason of an injury to his upper left leg amounting to 20 per cent disability to the left leg; that by reason of the last injury claimant sustained 15 per cent permanent partial disability to his left foot, further found:

"That by reason of the combination of the aforesaid injuries and disabilities, claimant now has 50 per cent permanent partial disability to the left leg for the performance of ordinary manual labor, for which he is entitled to compensation for 87.5 weeks, less the 35 weeks for the previous injury and the 22.5 weeks for the last injury, leaving the Special Indemnity Fund liable for the payment of 30 weeks of compensation, which amounts to an increase of 17.13 per cent permanent partial disability to claimant's left leg."

The Commissioner, upon such finding, entered an award against Special Indemnity Fund in the sum of $840 payable at the rate of $28 per week which award was sustained on appeal to the Commission, en banc.

The Fund brings the case here for review. It however, concedes that respondent while in the employ of the Fleet Drilling Company sustained an accidental injury to his left foot and that he was then a physically impaired person by reason of an injury sustained to his left leg in 1928. Its contention is that the award against it is excessive and not supported by the medical evidence.

The medical evidence consists of reports of two physicians. Respondent offered in evidence the report of a physician who estimated respondent's disability as a result of the last injury (the injury to the foot), at 25 per cent, and further stated that as a result of the prior injury he sustained a 20 per cent permanent partial disability to his left leg; that as a result of the combination of disabilities he sustained a 50 per cent permanent partial disability to his left leg. The Fund offered in evidence the report of a physician who stated that respondent as

the result of his last injury, the injury to his foot, sustained a 10 per cent permanent partial disability to his foot; that as a result of the prior injury he sustained a 20 per cent permanent partial disability to his left leg, and as a result of the combination of disabilities he sustained a 35 per cent permanent partial disability to his left leg. The Commission on the conflicting evidence entered an award as above stated.

It is the contention of the Fund that the Commission's finding of 50 per cent permanent partial disability to the left leg based on 15 per cent disability to the foot as a result of the last injury and 20 per cent permanent partial disability to the leg as a result of the first injury cannot be sustained since the doctor who fixed the combination at 50 per cent permanent partial disability to the leg as a result of the combined injuries based his opinion on an estimated disability of 25 per cent to the foot and 20 per cent to the leg and there is nothing in the evidence to indicate that the doctor would have reached the same conclusion based on 15 per cent disability to the foot.

It is further contended by the Fund that since the only physician testifying as to the combined disability sustained by respondent as the result of both injuries reached such conclusion on the basis of 25 per cent permanent partial disability to the foot as the result of the last injury the Commission in arriving at the award as against it should have deducted from the overall disability 37½ weeks for the 25 per cent injury to the foot instead of 22½ weeks deducted by the Commission and should have awarded 15 weeks compensation against it instead of the 30 weeks ordered by the Commission.

We have held adversely to this contention in Special Indemnity Fund v. Davis, Okl., 264 P.2d 320, 321. In that case it appears that the employee as a result of an accidental injury sustained an injury to his left hand; that as a result of a prior injury he had sustained an injury to his right hand.

The medical evidence was in conflict as to the disability sustained by respondent as a result of his last injury to his left hand. The medical evidence consisted of the reports of three physicians. One of these

physicians in his report stated that respondent as the result of the last injury sustained a 2 per cent permanent partial disability to his left hand. The other doctor stated that as a result of that accident he sustained a disability from 5 to 7½ per cent permanent partial disability to the left hand. Neither of the two above physicians made any mention of any prior injury having been sustained by the employee. The third physician in his report stated that as a result of the last injury the employee sustained a 7½ per cent permanent partial disability to his left hand and as a result of a former injury he sustained a 50 per cent permanent partial disability to the right hand and as a result of the combination of injuries he sustained a 30 per cent permanent partial disability to the body as a whole.

The Commission in that case found that the employee as the result of his last injury sustained a 5 per cent permanent partial disability to his left hand as a result of the former injury sustained a 50 per cent permanent partial disability to his right hand and as a result of the combination of injuries he sustained a 30 per cent permanent partial disability to his body as a whole and further found that as a result of the combination of injuries he was entitled to recover compensation for 150 weeks less the 5 per cent disability to the left hand or 10 weeks and less the 50 per cent disability to the right hand, or 100 weeks, leaving 40 weeks permanent partial disability chargeable to the Special Indemnity Fund and entered an award accordingly.

The Fund in that case contended that there was no evidence to sustain a conclusion reached by the Commission that the employee sustained a 30 per cent permanent partial disability to his body as a whole based on a 5 per cent permanent partial disability as the result of the injury to his left hand, and is without authority in arriving at the overall disability sustained by employee to arbitrarily base such conclusion on a 5 per cent permanent partial disability to the left hand as a result of the last injury, and thus diminish the award against the employer and insurance carrier and increase it as against it; that under the evidence of the physician above mentioned the employee as a result of his combined injuries sustained a 30 per cent permanent partial disability to the body as a whole and was therefore entitled to recover compensation for 150 weeks at $25.00 per week from which amount in arriving at the award to be assessed against the Fund the disability sustained by the employee as a result of his first injury 50 per cent to the right hand or 100 weeks is to be deducted, and a further deduction to be made for disability sustained by the last injury 7½ per cent to the left hand or 15 weeks instead of the 10 weeks deducted by the Commission, and that the award against it should have been reduced accordingly.

In answering this contention, we said:

"The Fund further contends that the combined disability, estimated by Dr. Gallagher only, must have been based on a combination of 7½% to the left hand and 50% to the right and is without foundation in evidence because the commission found there was only 5% disability to the left hand; * * *. It is apparent from Dr. Gallagher's report that he did not make a mathematical computation of the disability resulting from the combination of the two injuries but instead considered claimant's overall disability as a result of the combination. It does not appear that the Commission's finding of 5% disability to the left hand would change the estimate of disability resulting from the combination of the two injuries. The evidence was sufficient to support the Commission's finding of 5% disability to the left hand; the evidence is uncontradicted as to the disability resulting from the combination of the old and new injuries—as Dr. Gallagher's estimate of 30% was the only testimony on the point, the Commission could not have found less."

In the case now before us one physician placed the disability sustained by respondent as the result of his last injury, the injury to the foot, at 25 per cent, the other placed the disability to the foot as the result of that injury at 10 per cent. The Commission found the disability to the foot to be 15 per cent. This finding is well within the evidence in the case. The phys-

422

icians agreed that as a result of his prior injury to the left leg he sustained a permanent partial disability of 20 per cent to the leg. One of the physicians placed the combination at 50 per cent to the left leg, the other at 35 per cent to the leg. The Commission found that as a result of the combination of injuries, he sustained a disability of 50 per cent permanent partial disability to the left leg. This finding is supported by the evidence.

Under the evidence and above authority the Commission properly computed the award as against Special Indemnity Fund and it is not excessive.

Award sustained.