SPECIAL INDEMNITY FUND of the State
of Oklahoma, Petitioner,

v.

Homer Loyd TYLER, M. & A. Construction
Company and the State Industrial Court of
Oklahoma, Respondents.

No. 38970.

Supreme Court of Oklahoma.

Dec. 19, 1961.

Rehearing Denied Feb. 27, 1962.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioner.

C. A. Underwood, Jim R. Sales, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

IRWIN, Justice.

Under challenge in this proceeding is the trial tribunal's finding that claimant is permanently totally disabled from the cumulative effect of his former impairments, considered in combination with the disability produced by the last injury standing alone.

The last accident occurred when claimant fell from a ladder hurting his back and foot. The claim for this injury was settled on joint petition. In the present proceeding against the Special Indemnity Fund, hereinafter called Fund, claimant sought to recover additional benefits under the provisions of Title 85 O.S.1951 § 171, and Title 85 O.S.1953 Supp. § 172.

The evidence discloses the following multiple impairments which antedate claimant's last injury: (a) total sightlessness in the left eye; (b) five per centum permanent (partial) disability to the right foot; (c) twenty per centum permanent (partial) disability to the right hand from a

wrist injury; (d) an injury to the second and third fingers and the thumb of the right hand; (e) an amputation of the tip of the little finger on the right hand; (f) a cardiac condition evaluated at 40 per centum permanent (partial) disability to the body as a whole. In the opinion of Dr. F., claimant's pre-existing impairments, as recited, produced in the aggregate 75 per centum permanent (partial) disability to the body as a whole; due to his last injury, claimant sustained five per centum to the body as a whole; the pre-existing conditions, considered in combination with his most recent injury, resulted in a "material increase" in the degree of aggregate disability and rendered claimant permanently totally disabled.

The award of the trial tribunal recites, in pertinent part, as follows:

"That prior thereto and in 1904 he lost the sight of the left eye, in 1954 he sustained injuries to the right foot, right thumb and fingers, 1926 sustained right hand injury and *in 1958 pre-existing heart condition,* by reason of which he was physically impaired person within the meaning of the Workmen's Compensation Law." (Emphasis added.)

"That by reason of the combination of said injuries claimant is now totally and permanently disabled, to the body as a whole, for the performance of ordinary manual labor, or the Special Indemnity Fund is liable for the amount of 500 weeks, less 75 weeks for the 15% permanent partial disability to the body as a whole, less 7½ weeks for the 5% permanent partial disability to the right foot, less 8 weeks temporary total compensation heretofore paid claimant, leaving 409½ weeks at $30.00 per week, or the sum of $12,285.00 to be paid claimant by the Special Indemnity Fund."

■ At the outset, we are called upon to determine whether claimant was correctly adjudged to be a "physically impaired person" within the meaning of the statute,

Title 85 O.S.1951 § 171. This presents a jurisdictional question upon which the finding of the trial tribunal is not binding on this court. Special Indemnity Fund v. Hunt, 200 Okl. 1, 190 P.2d 795.

■ There is undisputed proof in the record that claimant's left eye, though not removed, was permanently and totally blind as a result of a childhood mishap. The loss of one eye constitutes a workman a physically impaired person. Title 85 O.S.1951 § 171. Permanent sightlessness in an eye is by force of law considered equivalent to the loss of that organ. Title 85 O.S.1955 Supp. § 22. The provisions of the Special Indemnity Act, 85 O.S.1951 § 171, do not require that the loss of an eye be "obvious and apparent from observation or examination by an ordinary layman" in order to constitute claimant a physically impaired person. The evidence is sufficient if it shows, as it does here, that the eye has no visual acuity. Special Indemnity Fund v. Darr, 201 Okl. 212, 203 P.2d 881; Special Indemnity Fund v. Fellows, Okl., 261 P.2d 899; cf. Special Indemnity Fund v. Edmonds, 203 Okl. 419, 222 P.2d 742.

■ Aside from his pre-existing blindness, claimant was also a physically impaired person by reason of the prior multiple impairments of his specific members. These injuries, though unadjudicated, were shown by undisputed proof to be "obvious and apparent" to the ordinary layman. Title 85 O.S.1951 § 171; Special Indemnity Fund v. Wade, 199 Okl. 547, 189 P.2d 609, 610; Special Indemnity Fund v. Cornish, 199 Okl. 257, 185 P.2d 467; Special Indemnity Fund v. Hobbs, 196 Okl. 318, 164 P.2d 980.

There is no error in the trial tribunal's determination that claimant is a physically impaired person within the meaning of the Special Indemnity Act.

However, this determination is not necessarily dispositive of all the issues involved as the report of Dr. F. conclusively shows that not only were the previous disabilities which rendered claimant a physi-

cally impaired person combined with the subsequent injury but the pre-existing heart condition was also considered and combined in his evaluation and report that claimant was totally and permanently disabled. The trial tribunal also combined the pre-existing heart condition with the other injuries in its finding that claimant was totally and permanently disabled.

■ A pre-existing heart condition does not render an employee a physically impaired person as the term is defined in Title 85 O.S.1951 § 171, unless the State Industrial Court has previously adjudged and determined such condition to be a disability. In the case at bar the pre-existing heart condition did not render claimant a physically impaired person for the reason it had not been previously adjudicated that by reason of his heart condition claimant was a physically impaired person.

Therefore, the controlling issue is a determination of the following: "Where an employee is a physically impaired person and receives a subsequent injury and proceeds against the Special Indemnity Fund, does Title 85 O.S.1953 Supp. § 172, authorize the combination with the subsequent injury only those disabilities which rendered employee a physically impaired person, or does it authorize the combination of *all* the disabilities that a physically impaired person had at the time of the subsequent injury?"

■ As applied to the instant action the issue is: "Can the pre-existing heart condition which did not render claimant a physically impaired person for the reason the same had not been previously adjudicated, be combined with the disabilities which did render claimant a physically impaired person and the disability due to the subsequent injury, in a proceeding against the Special Indemnity Fund?"

To determine this issue we must construe Title 85 O.S.1953 Supp. § 172, which provides in part:

"If an employee, who is a 'physically impaired person', receives an accidental personal injury compensable under the Workmen's Compensation Law, which results in additional permanent disability so that the degree of disability caused by the combination of *both disabilities* is materially greater than that which would have resulted from the subsequent injury alone, the employee shall receive compensation on the basis of *such combined disabilities,* as is now provided by the laws of this State. *If such combined disabilities* constitute a permanent total disability, as now defined by the Workmen's Compensation Laws of this State, then such employee shall receive one hundred (100%) per centum of the compensation, as now provided by law, for such permanent total disability. * * *" (Emphasis ours.)

As previously stated, the pre-existing heart condition in the instant action did not render claimant a physically impaired person, but the same was combined with the other disabilities by the trial tribunal in determining and adjudging claimant to be totally and permanently disabled.

It is to be noted that in the first sentence of the above statutory provision the terms "both disabilities" and "such combined disabilities" are employed. It is to be noted also that the only disabilities alluded to or by implication included in the above sentence are the disability or disabilities which renders an employee a physically impaired person and the disability due to a subsequent injury. Therefore, the terms "both disabilities" and "such combined disabilities" could not refer to any disabilities other than the disability or disabilities which rendered claimant a physically impaired person and the disability due to the subsequent injury.

In the second sentence of the above statutory provision, the term "such combined disabilities" is again employed. The term "such combined disabilities" relates only to the combination of those disabilities included in the preceding sentence and to no other

disabilities, as no other disabilities are referred to or by implication included.

■ The provision of Sec. 172, supra, which relates to compensation when such combined disabilities constitute only a permanent partial disability, further substantiates our statement that the terms "both disabilities" and "such combined disabilities" include only the disabilities which rendered claimant a physically impaired person and the disability due to the subsequent injury and to no other disabilities. That portion of Sec. 172, supra, provides, "If such combined disabilities constitute only a partial disability * * * then such employee shall receive full compensation * * * after deducting therefrom the per centum of that disability that constituted the employee a 'physically impaired person,' * * *".

■ We therefore hold that where an employee is a physically impaired person and receives a subsequent injury and proceeds against the Special Indemnity Fund, Title 85 O.S.1953 Supp. § 172 authorizes the combination of only those disabilities which rendered employee a physically impaired person and the disability due to the subsequent injury and does not authorize the combination of all the disabilities that an injured employee has at the time of the subsequent injury.

Inasmuch as the trial tribunal combined the pre-existing heart condition and the other injuries in determining and adjudging employee to be totally and permanently disabled; and inasmuch as the same could not be combined for the reason such heart condition did not render employee a physically impaired person for the reason the same had not been previously adjudicated, the award should be vacated.

Award vacated.

WILLIAMS, C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and BERRY, JJ., concur.