SPECIAL INDEMNITY FUND of the State of Oklahoma, Administered by the State Insurance Fund, Petitioner,

v.

Sidney TURK and the State Industrial Court of the State of Oklahoma, Respondents.

No. 40062.

Supreme Court of Oklahoma.

May 7, 1963.

Rehearing Denied June 11, 1963.

Mont R. Powell, Guy A. Secor, Oklahoma City, for petitioner.

Carl E. Moslander, Oklahoma City, for respondent.

BLACKBIRD, Chief Justice.

In this proceeding the issue is whether or not the State Industrial Court's order containing a determination that the respondent, Sidney Turk (hereinafter referred to as "claimant") was a "physically impaired person" prior to his accidental injury of April 9th, 1959, to his left leg, and an award of compensation to him for permanent and total disability, on the basis of a combination of that injury and two previously-incurred disabilities, should be sustained.

At the hearing before said court (hereinafter referred to as the "trial court") in addition to what was shown about the accidental injuries to claimant's legs, there was evidence, from both physicians and lay witnesses, that claimant was afflicted with Parkinson's Disease in 1958; and, in the challenged order, entered in January, 1962, this affliction was mentioned in the following manner:

"–1–

"That on April 9, 1959, claimant sustained an accidental personal injury to his left leg and head, arising out of and in the course of his hazardous employment with respondent Southwestern Bell Telephone Company; that prior to said injury claimant was a previously impaired person by virtue of having on December 19, 1927, sustained an accidental personal injury to his right leg resulting in 20 per cent permanent partial disability to the right leg, obvious and apparent to an ordinary layman, *and affliction of Parkinson's disease* in 1958, both prior to claimant's last injury to his left leg and head in April, 1959.

"–2–

" * * *; that as a result of the combination of claimant's previous disability and the disability sustained in the last injury claimant is not permanently and totally disabled. * * *"
(Emphasis ours).

■ Petitioner's position that the trial court was without jurisdiction to enter the award is based upon arguments resulting from said court's above-quoted inclusion of Parkinson's disease in its findings—without a further finding, based upon competent evidence, as to the percentage of claimant's disability, if any, from said disease to a "specific member" of his body. Petitioner does not assert any error in that part of the finding with reference to claimant's disability from the 1927 injury to his right leg, nor does it specifically charge that the evidence concerning the matter is insufficient to support a conclusion that claimant was 20 per cent disabled from that injury alone, and without regard to any effects from Parkinson's disease. Their sole contention is, in substance, that because the court's finding indicates that claimant's disabled condition is due partially to that disease, and the order contains no finding that, due to this affliction, he suffered the loss, or partial loss, of use of a "specific member" of his body, the order does not meet the requirements of Title 85 O.S.1961 § 171. Petitioner interprets the challenged part of the order as a finding " * * * that claimant was a previously impaired person by simply being afflicted with * * * (that) disease"; and it cites a quotation from Special Indemnity Fund v. Keel, 196 Okl. 315, 164 P.2d 996, appearing in this court's opinion in Special Indemnity Fund v. Iven, Okl., 284 P.2d 419, and a list of several other cases, for the proposition that where a claim is based on a physical impairment resulting from a disease, the Industrial Court must set forth the extent of disability, if any, of the specific member, or members, affected by the disease, so as to demonstrate "by its finding that the claimant was a ' "physically impaired person" ' " under said statute. Petitioner's theory is that, without such a finding, and in the absence of any medical evidence from which to determine what percentage, if any, of disability to some specific member of claimant's body, was due to Parkinson's disease, the award must be vacated.

Here, the trial court's finding that claimant was a previously impaired person does

not hinge, or depend, upon any disability from Parkinson's disease. This is the reason that the Fund's argument (in support of which it cites Special Indemnity Fund v. Roberts, Okl., 356 P.2d 561, and other cases) that the involved order is contrary to law, and unsupported by medical evidence, is inapplicable. Here, unlike the claimants involved in those cases, and Special Indemnity Fund v. Tyler, Okl., 369 P.2d 180, and the more recent case of Bermea v. State Industrial Court, Okl., 378 P.2d 857, the claimant's status as a "previously impaired person" did not depend, even partially, upon an unadjudicated disability outside or beyond the scope of section 171, supra. Such status was assured by reason of the 1927 injury to his right leg that was "obvious and apparent from observation or examination by an ordinary layman * * *". And, it was not necessary to, nor do we think the trial court did, consider claimant's Parkinson's disease in reaching its conclusion that he was a "previously impaired person."

 Undoubtedly the trial court did consider the claimant's disability from Parkinson's disease, in the use of his arms and legs, when it determined he was totally and permanently disabled. But, the fact that said court made no specific or exclusive finding with reference to the extent of claimant's disability from this one affliction, or that there was no medical evidence to show what that extent, or percentage, of disability was, does not invalidate the order. There was competent medical evidence showing that the disease was disabling to specific members, and in addition there was undisputed testimony from laymen showing the partial loss of use of these members that claimant suffered from said disease, "such as is obvious and apparent from observation or examination by an ordinary layman * * *". This testimony proved specific loss of use, rather than merely that claimant walked differently than a person who was not so afflicted, and distinguishes this case from both the Roberts and Tyler cases, supra. The fact that the trial court did not name the percentage of this partial loss of use was not fatal to its order. Its finding that claimant's combined disability was permanent and total necessarily included a finding of "all proper evidential ingredients essential" to that conclusion, and no specific finding as to the extent of his disability from the preexisting Parkinson's disease was required. See Special Indemnity Fund v. Beller, Okl., 369 P.2d 184, 187.

Having found none of the Fund's arguments sufficient ground for vacating the award, the same is hereby sustained.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.