SPECIAL INDEMNITY FUND of the State of Oklahoma, Administered by the State Insurance Fund, Petitioner,

v.

Wilburn HENDERSON and the State Industrial Court of the State of Oklahoma, Respondents.

No. 40625.

Supreme Court of Oklahoma.

July 21, 1964.

Mont R. Powell, Guy A. Sécor, Oklahoma City, for petitioner.

Dick Bell, Seminole, for respondent.

JACKSON, Justice.

This is an original proceeding brought by the Special Indemnity Fund to review an award of the State Industrial Court in favor of claimant, Wilburn Henderson, and against the Fund.

There is no substantial dispute as to the facts: At the time of his last injury on April 11, 1958, claimant was a physically impaired person within the meaning of 85 O.S.1961 § 171. Compensation for the last injury was paid to claimant, pursuant to a State Industrial Court order, by the employer. After further hearings to determine claimant's rights as against the Special Indemnity Fund, the trial judge entered an order on February 11, 1963, which included the following:

"That on April 11, 1958, the date of claimant's last injury, he was a previously impaired person, such impairment being obvious and apparent to an ordinary layman, by reason of an injury to his left arm, an injury to his right foot sustained in 1948 resulting in 22.5% permanent partial disability to his right foot, and a disability to his chest by reason of a congenital deformity, resulting in 15% permanent partial disability to his body as a whole. That as a result of his injury of April 11, 1958 to his back, he has suffered an additional 15% permanent partial disability to the body as a whole for the performance of ordinary manual labor. That claimant's permanent disability suffered by reason of his last injury, combined with his previous disabilities more specifically enumerated in this paragraph, is materially greater than

that which would have resulted from his last injury alone; and by reason of such disabilities and injuries, he is now 100% permanently and totally disabled for the performance of ordinary manual labor * * *."

The trial judge then made an award in favor of Henderson and against the Fund for $15,000, less amounts already paid as temporary total disability and permanent partial disability, by the employer for the April 11, 1958, injury.

The injury to the left arm resulted from complications following the breaking of the arm when Henderson was six years old; it is described in the record as an "emaciated left arm" and "claw hand". The injury to the right foot in 1948 happened while he was working for another employer, and was not an adjudicated disability within the meaning of 85 O.S.1961 § 171. The congenital deformity of the chest consisted of a "marked depression of the sternum area of the chest". There is no evidence that it resulted in a loss of use of a specific member of the body which was apparent to an ordinary layman so as to bring it within the terms of 85 O.S.1961 § 171, defining a physically impaired person.

On review of this court, the Fund, while conceding that Henderson was a physically impaired person within the meaning of 85 O.S.1961 § 171, because of the prior condition of the left arm which was apparent to an ordinary layman, argues that the chest deformity should not have been considered in combination with the other previous physical impairments in determining the aggregate disability of claimant.

■ We agree. In Bermea v. State Industrial Court, Okl., 378 P.2d 857, this court held:

"For the purpose of determining claimant's aggregate disability in a proceeding against the Special Indemnity Fund under the provisions of 85 O.S. 1961 § 172, only those pre-existing disabilities which render claimant a physically impaired person as defined by 85

O.S.1961 § 171, are authorized to be considered in combination with the disability from the last accidental injury standing alone."

■ In answer to this argument, claimant cites Special Indemnity Fund v. Simpson, Okl., 349 P.2d 635, and Special Indemnity Fund of Okl. v. Townsend, Okl., 346 P.2d 928, as cases in which this court approved a combination of previous physical impairments, at least one of which did not come within the terms of 85 O.S.1961 § 171. However, an examination of those cases reveals that the precise question now under consideration was not presented. Insofar as the Simpson and Townsend cases may be construed as approving a combination of previous physical impairments including one which does not come within the terms of the cited statute, they were impliedly overruled in Special Indemnity Fund v. Tyler, Okl., 369 P.2d 180. In that case it appears that the precise question here involved was presented to this court for the first time. We held:

"Where an employee is a physically impaired person as defined by Title 85 O.S.1951, Sec. 171, and receives a subsequent injury and proceeds against the Special Indemnity Fund, Title 85 O.S.1953 Supp. Sec. 172, authorizes the combination of only those disabilities which rendered employee a physically impaired person and the disability due to the subsequent injury, and does not authorize the combination of a previous disability which did not render employee a physically impaired person."

It is apparent that, under the rule expressed in the Bermea and Tyler cases, supra, the award in this case must be vacated and the cause remanded to the State Industrial Court for further proceedings. Upon remand, the State Industrial Court will have to determine claimant's degree or per centum aggregate of permanent disability without taking into consideration the congenital chest deformity. Of course if it should determine that the disability is only permanent and partial, but nonetheless "ma-

terially greater than that which would have resulted from the subsequent injury alone", an award may still be entered as against the Special Indemnity Fund. Such being the case, we will consider an additional proposition presented by the Fund in its brief.

The Fund argues that the State Industrial Court erred in determining, in the proceeding to fix the Fund's liability, that claimant's permanent disability from the last injury (April 11, 1958) was 15 percent to the body as a whole, whereas, in the proceeding to fix the liability of the employer for the same injury, it had determined such disability to be only 7.5 percent to the body as a whole.

It should be noted at this point that this case was tried in the State Industrial Court under the law as it was on April 11, 1958, the date of the last injury, and prior to the 1961 amendment of 85 O.S.1959 Supp. § 172. See Special Indemnity Fund v. Acuff, Okl., 383 P.2d 630. Although it may be said that, under Section 172, the Fund is never liable for "the degree or per centum of disability which would have resulted from the latter injury if there had been no pre-existing injury", the State Industrial Court must obviously consider the degree or per centum of disability resulting from the latter injury in arriving at the aggregate permanent disability of claimant in order to fix the liability of the Fund. For that reason the question raised is material in this case.

We agree with the Fund that the State Industrial Court is bound by its finding on the percentage of disability resulting from the April 11, 1958, injury, in the hearing conducted for that purpose. The award as against the employer made after that hearing was not appealed to the Court en banc, but the matter was settled about a week later and the full amount was paid after a proceeding upon a joint petition. The later hearing to determine the liability of the Fund was in no sense a proceeding for the correction of the prior award as against the employer, and no change of condition is involved. Since no appeal to the Court en banc was taken, and no petition for the review of the award was filed in the Su-

preme Court, the award of the State Industrial Court was final and conclusive upon all questions within its jurisdiction as between the parties. 85 O.S.1961 § 29; 100 C.J.S. Workmen's Compensation §§ 655 to 657; Kelley v. Bryan, Okl., 361 P.2d 1080. The Special Indemnity Fund was a party to this proceeding at the time the award against the employer was made. Special Indemnity Fund v. Davis, Okl., 264 P.2d 320.

The award is vacated and the cause is remanded to the State Industrial Court with directions to proceed in accordance with the views herein expressed.

HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.