Cloyce E. BLACKWELL, Petitioner,

v.

SPECIAL INDEMNITY FUND and the State
Industrial Court, Respondents.

No. 40944.

Supreme Court of Oklahoma.

Feb. 2, 1965.

Marx Childers, Oklahoma City, for petitioner.

Mont R. Powell, Guy A. Secor, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

JACKSON, Vice Chief Justice.

This is an original proceeding by Cloyce E. Blackwell to review an award of the State Industrial Court to him and against the Special Indemnity Fund. Hereafter he will be referred to as claimant and the Special Indemnity Fund as the Fund.

On July 19, 1963, claimant filed a first notice of injury and claim for compensation alleging that on July 15, 1963, he sustained an injury to his back, left hip and left leg while in the employment of Frisco Packing Company. On September 10, 1963, the State Industrial Court found for claimant and ordered Frisco Packing Company to pay temporary compensation and furnish medical treatment. On October 18, 1963, the parties entered into a joint petition settlement on the basis of 5 per cent permanent partial disability to the body as a whole as a result of the back injury and 40 per cent permanent partial disability to the left leg. The settlement was approved and so ordered by the Industrial Court.

On January 28, 1964, the case was heard on claimant's claim against the Fund. It was stipulated by the parties that claimant was a previously impaired person, within the meaning of the Workmen's Compensation Act, at the time of the above injury because of total loss of claimant's right eye in 1953 as a result of a fight. It was further stipulated that claimant's last injury was on July 15, 1963, and was to his back, left hip and left leg. The only question for the trial tribunal to determine was the increase, if any, in disability to claimant's body as a whole by reason of the 40 per cent disability to his left leg and the total loss of his right eye.

Claimant introduced into evidence the written report of Dr. J who stated it was his opinion that due to the combination of total loss of claimant's right eye with the injury to the left leg, claimant had sustained a 60 per cent permanent partial disability to the body as a whole. The Fund introduced the written report of Dr. G who said it was his opinion claimant had not sustained any material increase in permanent partial disability. The trial judge found from the combination of the two injuries and disabilities claimant had sustained 41 per cent permanent partial disability to the body as a whole representing a material increase of 7 per cent to the body as a whole. The order was not appealed to the Industrial Court en banc, but is brought directly to this court for review.

It is the contention of claimant that the order of the trial judge is not supported by any competent medical testimony because the report of Dr. G is incompetent "since there is no indication expressed in his report that he has even examined claimant's leg at any time" and that it is not a negative medical report "since he makes no effort to state whether or not claimant has any disability to the body as a whole or any part thereof but merely expresses an opinion that there is no material increase in permanent disability without stating what disability he is referring to." Therefore, claimant asserts, the only competent medical testimony is that of Dr. J and the trial "Judge was without any medical authority to arbitrarily fix the over all disability to the body as a whole at 41% since this does not represent any compromise of competent medical opinion;"

that the finding should be 60 per cent to the body as a whole.

On reviewing the record we find that Dr. G's report does indicate he examined the claimant's leg and we quote:

"* * * Passive motions of the hip joints brings out no complaint of pain. The straight leg lifting tests are normal. The reflexes and sensations are unaltered."

[1-3] We also find that the failure of Dr. G to state whether claimant has any disability to the body as a whole or any part thereof and only expressed an opinion that claimant has no material increase in permanent disability does not impair the probative value of his testimony. The rule is that a physician's opinion need not be given in categorical terms nor in the precise language of the statute to be competent. Holliman Drilling Co. v. Herrell, Okl., 397 P.2d 148, 149; Woodward & Company v. State Industrial Commission, Okl., 349 P.2d 638; Skelly Oil Company v. Admire, Okl., 293 P.2d 349. From the general tenor of Dr. G's report we feel his intent is that claimant did not sustain a material increase in permanent partial disability as a result of a combination of his two disabilities. We hold Dr. G's testimony is competent and constitutes a negative medical report.

Claimant cites the case of Special Indemnity Fund v. Ring, 199 Okl. 685, 189 P.2d 939, as authority to support his position contending it is analogous to the case at bar. In the cited case Ring alleged that on March 5, 1946, while in the employ of General Dye Works he received an injury to several fingers of his right hand and at the time he was a previously impaired person by reason of having sustained a prior injury to that hand. The Industrial Court found that Ring had sustained 5 per cent permanent partial disability to the right hand as a result of the last injury; that he was a previously impaired person by reason of the prior injury to his right

hand which resulted in 50 per cent permanent partial disability; that as a result of both injuries and disabilities he had sustained 100 per cent loss of the hand. After deducting the 5 per cent disability for the last injury and 50 per cent disability for the previous impairment the court entered an award against the Fund based on 45 per cent permanent partial disability to the hand. The Fund contended there was no competent evidence supporting the finding of 5 per cent disability as a result of the last injury; that if the evidence justified a finding of any disability to the hand because of the last injury the finding should have been materially greater than 5 per cent and the deduction allowed should have been correspondingly greater thus reducing the award against it.

The doctor who first examined and treated Ring testified that as a result of the prior injury he sustained 50 per cent permanent partial disability to his right hand; that as a result of the last injury he had sustained 30 per cent loss of the use of his ring finger; that Ring had no disability to any other finger nor any additional disability to the hand as a result of the last injury. Another doctor testified that as a result of the last injury Ring had sustained 20 per cent permanent partial disability to the right hand, and as a result of both injuries he had sustained a total loss of the hand.

In vacating that award we found that under the medical evidence the trial tribunal could have found that as a result of the last injury Ring had no disability to the hand but had 30 per cent permanent partial disability to the ring finger, or it could have found as a result of the last injury Ring had sustained 20 per cent permanent partial disability to the hand. We said:

"* * * It was not authorized to arbitrarily and contrary to the evidence fix the permanent partial disability to the hand as the result of the last injury at 5 per cent and thus diminish the award that should have been entered

against the employer and increasing it against the Special Indemnity Fund.

"\* \* \*"

In the present case the lower court could have found from the evidence that as a result of the combination of the two disabilities claimant had sustained no material increase in permanent partial disability over and above that resulting from the last injury standing alone, or it could have found that claimant had sustained a material increase in disability up to 26 per cent which would be 60 per cent permanent partial disability to the body as a whole as testified to by Dr. J. The trial court, after examining the evidence, found that claimant had sustained a material increase in disability but not to the extent of 26 per cent.

In view of the wide divergence between the testimony of Drs. G and J, the Industrial Court called to its assistance its own general knowledge and experience as men of common understanding and judgment and attempted to arrive at the actual degree of disability and the material increase resulting from a combination of the two injuries. This is in accord with our holdings in the cases of: Clyde's Auto Salvage & Coal Operators Cas. Co. v. Hughes, 204 Okl. 467, 231 P.2d 356; Special Indemnity Fund v. Jennings, 201 Okl. 330, 205 P.2d 873; Special Indemnity Fund v. McMillin, 198 Okl. 412, 179 P.2d 475.

Whether a prior injury causing total loss of claimant's right eye when combined with a subsequent injury to his left leg results in a disability materially greater than caused by the last injury alone is a question of fact for the determination of the State Industrial Court. Its decision is final as to all questions of fact and where there is any competent evidence reasonably tending to support the same its findings will not be disturbed on review. Hays v. National Zinc Co., Okl., 395 P.2d 580; Barnard v. Public Service Co. of Oklahoma, Okl., 394 P.2d 534; Douglas v. Okmar Oil Co., Okl., 383 P.2d 681.

The findings of the trial court being reasonably sustained by the evidence the petition to vacate is denied and the award affirmed.

HALLEY, C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and IRWIN, JJ., concur.