**SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,**

v.

**Tom J. SMITH, Seminole County and the State Industrial Court of the State of Oklahoma, Respondents.**

No. 42807.

Supreme Court of Oklahoma.

March 25, 1969.

Sam Hill, Guy A. Secor, Oklahoma City, for petitioner.

Buck Cartwright, Wewoka, G. T. Blankenship, Atty. Gen., for respondents.

McINERNEY, Justice.

Under review here is the trial tribunal's decision by which the Special Indemnity Fund was adjudged liable for claimant's permanent total disability to the body as a whole. The decisive question is whether under our Workmen's Compensation Act the Fund may be liable for the cumulative effect produced by claimant's accidental back injury when considered in combination with a previously adjudicated injury to both wrists and the antecedent, unadjudicated residual effect of spinal meningitis.

Claimant received an award of 10% permanent partial disability to the body as a whole based on an injury to his back sustained while lifting steel in 1966. His employer, Seminole County, paid this award. Claimant then pursued his remedy against the Special Indemnity Fund, 85 O.S.1961, §

172, as a physically impaired person under the provisions of 85 O.S.1961, § 171.

Claimant's medical history consists of an industrial injury to both wrists in 1957 when he was adjudged as 12% permanently partially disabled to the body as a whole. Claimant returned to work for Seminole County. In 1965 claimant was hospitalized for a nonindustrial disability diagnosed as spinal meningitis. He later returned to work for Seminole County at lighter work where he remained until his back injury.

The award entered by the State Industrial Court provides as follows:

"That claimant herein sustained an accidental personal injury arising out of and in the course of his hazardous employment with Seminole County, on October 17, 1966, consisting of injury to his back which resulted in 10% permanent partial disability to his body as a whole, as previously adjudicated herein; * *."

"That claimant was a previously physically impaired person, as defined by statute, by reason of an injury he sustained in 1957 to both wrists, which resulted in 12% permanent partial disability to the body; in 1965 claimant was hospitalized for spinal meningitis, with residual damage to the nervous system, causing failure of body function and memory, resulting in 40% permanent partial disability to the body as a whole. That by reason of the combination of all disabilities due to injuries prior to Oct. 17, 1966, claimant suffered 60% permanent partial disability to his body as a whole for the performance of ordinary manual labor.

"That by reason of the combination of all disabilities prior to Oct. 17, 1966, with the disability resulting from the injury of Oct. 17, 1967, claimant now has 100% permanent total disability for the performance of ordinary manual labor, * * *"

Claimant's status as a physically impaired person entitling him to proceed against the Fund is not disputed. The aggregate disability is challenged on the basis that there is an improper combination of disability factors in determining the permanent total disability award.

■ The trial tribunal did not find that the unadjudicated disability resulting from spinal meningitis produced an impairment of any specific member of the body. Only those disabilities which render claimant a physically impaired person as defined by 85 O.S.1961, § 171 are authorized to be considered in combination with the disability resulting from the last accidental injury standing alone in determining the liability of the Fund under the provisions of 85 O.S.1961, § 172. Special Indemnity Fund v. Tyler, Okl., 369 P.2d 180; Bermea v. State Industrial Court and The Special Indemnity Fund, Okl., 378 P.2d 857; Special Indemnity Fund v. Pogue, Okl., 389 P.2d 629; Special Indemnity Fund v. Henderson, Okl., 394 P.2d 466.

We held, in Special Indemnity Fund v. Pogue, supra,

"For the purpose of determining claimant's aggregate disability in a proceeding against the Special Indemnity Fund, only those pre-existing disability factors which individually operate to render claimant a physically impaired person, as defined by 85 O.S.1961 § 171, are authorized to be considered in combination with disability from the last accidental injury standing alone."

■ The award does not find, nor the record justify our concluding, that the antecedent residual damage from spinal meningitis individually operated to render claimant a physically impaired person as defined by 85 O.S.1961, § 171. The award improperly takes into account a disability factor which combination with the last accidental injury standing alone is unauthorized by law. Special Indemnity Fund v. Tyler, supra.

Claimant relies on Special Indemnity Fund v. Turk, Okl., 382 P.2d 419, to sustain the award against the Fund. In Turk, supra, the affliction of Parkinson's disease, and the resultant disability to a specific member of the body which was obvious and apparent to an ordinary layman, was

held not erroneously included in the finding of permanent total disability. There was competent medical evidence showing that the disease was disabling to specific members and undisputed testimony from laymen showing the partial loss of use of the members and resultant impairment. No such showing is present in the instant case.

The award is vacated without prejudice to further proceedings in accordance with the views herein expressed. Special Indemnity Fund v. Roberts, Okl., 356 P 2d 561, 563.

All the Justices concur.