Herman J. WHALEY, Petitioner,

v.

The SPECIAL INDEMNITY FUND and the State Industrial Court, Respondents.

No. 47566.

Supreme Court of Oklahoma.

Jan. 20, 1976.

Thomas A. Bamberger, Oklahoma City, for petitioner.

Sam Hill, Fred Nicholas, Jr., Oklahoma City, for respondents.

IRWIN, Justice:

On appeal to the State Industrial Court en banc, an award against the Special Indemnity Fund (Fund) was vacated and claim against Fund was denied. Herman J. Whaley (claimant) seeks review.

On January 15, 1973, claimant sustained a back injury in the course of covered employment and was awarded compensation for 20% permanent partial disability to the body as a whole. This award became final.

Prior to the 1973 back injury, claimant had sustained a heart disability, and other disabilities not pertinent here. No claim for the heart disability, or any other disability, had been made to, or adjudicated by the State Industrial Court. However, claimant's heart condition did impair claimant's left leg.

Claimant proceeded against Fund on the theory that when he sustained his 1973 back injury he was a previously impaired person within the purview of 85 O.S.1971, § 171, and entitled to an award against Fund as provided by 85 O.S.1971, § 172.

Fund stipulated that claimant was a previously physically impaired person because of the left leg impairment (being obvious and apparent to the ordinary layman).

The trial judge found that:

"* * * claimant was a previously physically impaired person by reason of a heart condition and circulatory problems resulting in impairment to the body as a whole and the left leg, such impairment being obvious and apparent to an ordinary layman."

The trial judge also found that as a result of the back injury on January 15, 1973, claimant,

"has sustained 20 per cent permanent partial disability to the body as a whole by reason of injury to his back; that by reason of said previous impairment, claimant has sustained 50 per cent permanent partial disability to the body as a whole and 50 per cent permanent partial disability to the left leg.

\* \* \* \* \* \*

"That by reason of the combination of the above described injuries and disabilities and the material increase in disability occasioned thereby, claimant is permanently and totally disabled for the performance of ordinary manual labor and is entitled to compensation for 500 weeks, less 100 weeks for the latest injury and less 337.5 weeks for the previous impairment, and less 13 weeks paid as compensation for temporary total disability as a result of the injury of January 15, 1973, which leaves 49.5 weeks to which claimant is entitled to be paid from the Special Indemnity Fund * * * same representing an increase of 12.5 percent permanent partial disability to the body as a whole."

In the above order, claimant was found to be a previously physically impaired person because he had sustained a 50% permanent partial disability to the body as a whole due to his heart condition, and because he had sustained a 50% permanent partial disability to the left leg. Thus,

claimant's unadjudicated heart condition was accorded the same status as claimant's impaired left leg which rendered him a previously physically impaired person.

On appeal to the State Industrial Court en banc, the trial judge's order was vacated because "a previous unadjudicated heart condition cannot be applied to render claimant totally disabled."

In *Special Indemnity Fund v. Tyler*, Okl., 369 P.2d 180 (1962), we held that a pre-existing, unadjudicated heart condition could not be combined with the disability which rendered claimant a physically impaired person and the subsequent injury in a proceeding against Fund.

Claimant contends the above rule is inapplicable in the case at bar, where the heart condition caused or aggravated the impairment of claimant's left leg, and such impairment renders him physically impaired because obvious and apparent to an ordinary layman. Claimant argues this is the rule enunciated in *Special Indemnity Fund v. Turk*, Okl., 382 P.2d 419 (1963), and that *Turk* has distinguished, if not nullified, the *Tyler* case.

Claimant's argument to support the trial judge's order may be stated thusly: Since Fund admitted claimant was a physically impaired person because of the impairment to his left leg, and medical evidence establishes the unadjudicated heart condition caused or aggravated such impairment, all of claimant's disabilities (heart, leg impairment, and back injury) may be combined in computing the degree or extent of claimant's permanent disability.

In the *Turk* case we held that in a proceeding against the Special Indemnity Fund, where "* * * the Industrial Court's order contains a finding that the claimant was a physically impaired person by virtue of a prior accidental injury to his right leg, resulting in a 20 per cent permanent partial disability to said leg, obvious and apparent to an ordinary layman, 'and affliction of Parkinson's disease in 1958' and determines him permanently and total-

ly disabled on the basis of disabilities from these conditions and injuries suffered in 1959, the award will not be vacated because it contains no finding as to the extent of claimant's disability, from the Parkinson's disease, to a specific member of his body, where medical evidence shows that said disease is disabling to specific members and lay testimony shows such disability is obvious and apparent from the observation of an ordinary layman, as well as its extent."

In *Turk,* Fund's argument was that when a claim against it is based on a physical impairment resulting from a disease, or a similar unadjudicated disability, it is not sufficient that the State Industrial Court find that claimant is physically impaired by such disease, but also must find the extent of the disability to a specific member or members affected by the disease.

In *Turk,* claimant's status as a previously impaired person did hot hinge, or depend, upon any disability from Parkinson's disease, because he was a previously impaired person by reason of a prior accidental injury to his right leg, which was obvious and apparent to an ordinary layman. The trial court "did consider claimant's disability from Parkinson's disease, in the use of his arms and legs, when it determined he was totally and permanently disabled", but there "was competent medical evidence showing that the disease was disabling to specific members, and in addition there was undisputed testimony from laymen showing the partial loss of use of these members that claimant suffered from said disease, 'such as is obvious and apparent from observation or examination by an ordinary layman * * *'".

The issue in *Turk* was not whether the disability to claimant's arms and legs resulting from Parkinson's disease was combinable, but the trial court's failure to find the percentage of disability to the specific members. The *Turk* decision did not modify our decision in *Tyler* as different issues were presented and determined.

*Turk* will not support claimant's contention that all disabilities flowing from his heart condition are combinable in computing the degree or extent of his permanent disability. If, in *Turk,* the Parkinson's disease affected any part of claimant's body except his specific members, it is not apparent in the decision. At least the decision is premised only on the disability to claimant's specific members.

In order to clarify any ambiguity that might exist by our decision in *Turk,* and to clarify the applicable law, we hold that a pre-existing, unadjudicated heart condition which causes or aggravates an impairment to a specific member, and such impairment is obvious and apparent from observation or examination by an ordinary layman, renders the person "physically impaired" within the purview of 85 O.S.1971, § 171, because and to the extent of the impairment to the specific member and not by reason of the pre-existing, unadjudicated heart condition.

The language of 85 O.S.1971, § 172, providing that if an employee who is a "physically impaired person" receives an accidental injury which results in additional permanent disability so that "the degree of disability caused by the combination of both disabilities is materially greater than that which would have resulted from the subsequent injury alone", relates only to a prior disability (such as an adjudicated disability, or an impairment to a specific member which is obvious and apparent to an ordinary layman) and the subsequent injury. It does not include a pre-existing, unadjudicated condition which may have caused or aggravated the impairment to the specific member.

The trial court considered and combined all of claimant's disabilities, including his unadjudicated heart condition, in the order fixing Fund's liability. The issue was whether the degree of disability caused by the combination of the impairment to the left leg and the 1973 back injury was materially greater than that

which would have resulted from the 1973 back injury alone. The trial judge's order is erroneous.

 On appeal to the Industrial Court en banc, the order of the trial judge was vacated and claimant's claim for compensation against Fund was denied. This order is erroneous. The Industrial Court, en banc, should have vacated the trial judge's order and remanded the cause to determine whether the degree of disability caused by the combination of the impairment to the left leg and the 1973 back injury was materially greater than that which would have resulted from the 1973 back injury alone. See § 172, *supra*.

Order vacated and remanded.

All the Justices concur.